1  Lionel Z. Glancy (SBN 134180)
   Michael Goldberg (SBN 188669)
2  **GLANCY BINKOW & GOLDBERG LLP**
   1925 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone: (310) 201-9150
4  Facsimile:  (310) 201-9160
   Email: info@glancylaw.com
5

6  Jeremy A. Lieberman
   Lesley F. Portnoy
7  **POMERANTZ LLP**
   600 Third Avenue, 20th Floor
8  New York, New York 10016
   Telephone: (212) 661-1100
9  Facsimile:  (212) 661-8665

10

11 Patrick V. Dahlstrom
   **POMERANTZ LLP**
12 Ten South La Salle Street, Suite 3505
   Chicago, Illinois 60603
13 Telephone: (312) 377-1181
   Facsimile:  (312) 377-1184
14

15 *Attorneys for Plaintiffs and*
   *Proposed Co-Lead Counsel*
16

17                 **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
18

19 ROHAN  KISHTAGARI, Individually  and      Case No.  3:14-cv-01224-CRB
   on Behalf of All Others Similarly Situated,
20                                            **NOTICE OF MOTION AND MOTION OF**
                         Plaintiff,           **STANLEY GARDINER FOR**
21                                            **CONSOLIDATION, APPOINTMENT AS**
              v.                              **LEAD PLAINTIFF AND APPROVAL OF**
22                                            **CO-LEAD COUNSEL; MEMORANDUM**
                                              **OF POINTS AND AUTHORITIES IN**
23 GERON CORPORATION, JOHN A.                 **SUPPORT THEREOF**
   SCARLETT and OLIVIA K. BLOOM,
24                                            DATE:  July 11, 2014
25                       Defendants.          TIME:   10:00 a.m.
                                              JUDGE: Honorable Charles R. Breyer
26                                            CTRM:  6 – 17th Floor

27

28

| | |
|---|---|
| JAMES W. BECKMANN, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:14-cv-01424-CRB |
| Plaintiff, | |
| v. | |
| GERON CORPORATION, JOHN A. SCARLETT and OLIVIA K. BLOOM, | |
| Defendants. | |

## NOTICE OF MOTION AND MOTION

**TO:   THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Stanley Gardiner ("Gardiner") by and through his undersigned counsel, does hereby, and will on July 11, 2014, at 10:00 a.m. in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Charles R. Breyer in Courtroom 6, move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order filed contemporaneously with this motion, (1) consolidating the above captioned actions; (2) appointing Gardiner as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Geron Corporation ("Geron" or the "Company") between June 16, 2013 and March 11, 2014 (the "Class Period"), pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Glancy Binkow & Goldberg LLP ("Glancy") as Co-Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

In support of this motion, Gardiner respectfully submits a Memorandum of Points and Authorities, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

This motion is made on the grounds that Gardiner is the most adequate plaintiff, as defined by the PSLRA, based on his financial losses of $371,200 suffered as a result of defendants' wrongful conduct as alleged in the above-referenced actions. Further, Gardiner satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims,

and he will fairly and adequately represent the interests of the Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the above-captioned Related Actions and any subsequently filed related actions should be consolidated pursuant to Fed. R. Civ. P. 42(a).

2.      Whether Stanley Gardiner is the "most adequate plaintiff" and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B)(i).

3.      Whether Gardiner's selection of  Pomerantz LLP and Glancy Binkow & Goldberg LLP as Co-Lead Counsel should be approved.

## II.     STATEMENT OF FACTS

Geron is a clinical stage biopharmaceutical company developing imetelstat − a first-in-class telomerase inhibitor in hematologic myeloid malignancies. Telomerase is an enzyme that enables cancer cells to maintain telomere length, which provides them with the capacity for limitless cellular replication. Imetelstat is a specific inhibitor of telomerase. According to Geron, the discovery and early development of imetelstat was based on the Company's purported expertise in telomerase and telomere biology. Imetelstat is Geron's sole product candidate, and until March 2014 the Company was conducting a Phase 2 clinical trial of imetelstat for patients with certain hematologic malignancies.

The complaints allege that throughout the Class Period, defendants made false and/or misleading statements, and failed to disclose material adverse facts about Geron's business, operations and prospects. Specifically, defendants misrepresented and/or failed to disclose that: (1) persistent low-grade liver function test ("LFT") abnormalities had been observed in the Phase 2 study of imetelstat in essential thrombocythemia ("ET") /polycythemia vera ("PV") patients; (2) there was a potential risk of chronic liver injury following long-term exposure to imetelstat; and (3), as a result of the foregoing, Defendants' positive statements about the Company and the prospects for imetelstat lacked any

reasonable basis and/or were materially false and misleading at all relevant times.

On March 12, 2014, Geron disclosed that it had received verbal notice from the U.S. Food and Drug Administration ("FDA") that the Company's Investigational New Drug ("IND") application for imetelstat had been placed on full clinical hold, affecting all ongoing Company sponsored clinical trials. A full clinical hold is an order that the FDA issues to a trial sponsor to suspend an ongoing clinical trial or delay a proposed trial. According to the Company, the FDA indicated that the clinical hold was due to the occurrence of persistent low-grade LFT abnormalities observed in the Phase 2 study of imetelstat in ET/PV patients and the potential risk of chronic liver injury following long-term exposure to imetelstat. Also, Geron disclosed that the FDA expressed concern about whether these LFT abnormalities were reversible. As a result, Geron informed investors that the clinical hold would affect the remaining eight patients in the Company's Phase 2 study in ET or PV and the remaining two patients in the company's Phase 2 study in multiple myeloma. Also, the Company indicated that a planned Phase 2 clinical trial in myelofibrosis would likely be delayed due to the clinical hold. On this news, shares of Geron declined $2.71 per share, over 61%, to close at $1.69 per share on March 12, 2014, on unusually heavy volume.

Plaintiffs allege that as a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

1
2
3

> Where actions involving a common question of law or fact are pending
> before the court, it may order a joint hearing or trial of any or all of the
> matters at issue in the actions; it may order all the actions consolidated;
> and it may make such order concerning proceedings therein as may tend
> to avoid unnecessary costs or delay.

4    Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

5
6    Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a

7    class asserting substantially the same claim or claims arising under this chapter has been filed…."  *See*

8    *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999); *In re Equity Funding*

9    *Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). The Court has broad discretion under

10   this Rule to consolidate cases pending within its District.   *Investors Research Co. v. United States*

11   *District Court*, 877 F.2d 777 (9th Cir. 1989).

12
13   **B.       GARDINER SHOULD BE APPOINTED LEAD PLAINTIFF**

14   Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in

15   class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to

16   serve as Lead Plaintiff filed by class members in response to a published notice of class action by the

17   later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides

18
19   any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

20   Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions

21   by plaintiffs or purported class members to appoint a Lead Plaintiff filed in response to any such

22   notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to

23   serve as Lead Plaintiff and shall presume that plaintiff is the person or group of persons, that:

24
25         (aa) has either filed the complaint or made a motion in response to a
           notice . . .;
26
27         (bb) in the determination of the Court, has the largest financial interest in
           the relief sought by the class; and
28

1

2

           (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules
           of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

3

4

5

       As set forth below, Gardiner satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate plaintiff" and, therefore, should be appointed Lead Plaintiff

6

for the Class. *See Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *8-

7

*9 (N.D. Cal. Sept. 9, 2003); *Squyres v. Union Texas Petroleum Holdings, Inc.*, 1998 U.S. Dist.

8

LEXIS 22945, at *5 (C.D. Cal. Nov. 2, 1998); *Osher v. Guess, Inc.*, 2001 U.S. Dist. LEXIS 6057, at

9

*11 (C.D. Cal. Apr. 26, 2001).

10

11

         **1.  Gardiner Is Willing to Serve as Class Representative**

12

       On March 14, 2014, counsel in this action caused a notice (the "Notice") to be published over

13

*Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that plaintiff

14

Rohan Kishtagari had filed a securities class action against the defendants herein, and advised

15

investors of Geron securities that they had until May 13, 2014, to file a motion to be appointed as Lead

16

Plaintiff. *See* Declaration of Michael Goldberg In Support Of Motion Of Stanley Gardiner For

17

Appointment As Lead Plaintiff And Approval Of Co-Lead Counsel (the "Goldberg Decl."), Ex. A.

18

19

       Gardiner has filed the instant motion pursuant to plaintiff Kishtagari's March 14, 2014 Notice,

20

and has attached a sworn Certification attesting that Gardiner is willing to serve as representative for

21

the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Decl., Ex.

22

B. Accordingly, Gardiner satisfies the first requirement to serve as Lead Plaintiff for the Class.

23

         **2.  Gardiner Has the "Largest Financial Interest"**

24

25

       The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff

26

. . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the

27

class." 15 U.S.C. § 78u-4(a)(3)(B)(iii), *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450

28

(C.D. Cal. 2002).

As of the time of the filing of this motion, Gardiner believes that he has the largest financial interest of any of the Lead Plaintiff movant based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered) (the "Lax-Olsten" factors).[1]

During the Class Period, (1) Gardiner purchased 200,000 shares of Geron common stock; (2) expended $1,022,200 on his purchases of Geron stock, and (3) as a result of the revelations of the fraud, suffered losses of $371,200. *See* Goldberg Decl., Ex. C. Because Gardiner possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *See also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).

### 3. Gardiner Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001), cert. denied, 535 U.S. 929 (2002). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Aronson*, 79 F. Supp. 2d at 1158 (N.D. Cal. 1999) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the other class members' claims, and plaintiff's claims are based on the same legal theory. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1137 (C.D. Cal. 1999) (citations omitted).

Gardiner's claims are typical of those of the Class. Gardiner alleges, as do all Class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Geron, or omitted to state material facts necessary to make the statements they did make not misleading. Gardiner, as did all members of the Class, purchased Geron securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda,* F. Supp. 2d 1129, at 1137 (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). *See Sterling*, 2007 WL 4570729, at *4 (highlighting that the adequacy requirement is satisfied when "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of the other class members.").

Gardiner will adequately represent the interests of the Class. There is no antagonism between Gardiner's interests and those of the Class, and his substantial losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Gardiner has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

### 4. Gardiner Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Any Unique Defenses

The presumption in favor of appointing Gardiner as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Gardiner's ability and desire to fairly and adequately represent the Class has been discussed above. Gardiner is not aware of any unique defenses defendants could raise that would render him inadequate to represent the Class. Accordingly, Gardiner should be appointed Lead Plaintiff for the Class.

### C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 U.S. Dist. LEXIS 6057, at \*15. The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa). *See Cendant*, 264 F.3d at 276 (emphasizing that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.").

Here, Gardiner has selected the Pomerantz and Glancy firms as Co-Lead Counsel. Pomerantz and Glancy are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes. *See* Goldberg Decl., Exs. D and E. As a result of these firms' extensive experience in litigation involving issues similar to those raised in this action, Gardiner's counsel has the skill and knowledge which will enable him to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Gardiner's selection of counsel, the members of the Class will receive the best legal representation available.

### III.     CONCLUSION

For the foregoing reasons, Gardiner respectfully requests the Court to issue an Order: (1) consolidating the related actions; (2) appointing Stanley Gardiner  as Lead Plaintiff; (3) approving Pomerantz and Glancy as Co-Lead Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 13, 2014

**GLANCY BINKOW & GOLDBERG LLP**


By:  *s/ Michael Goldberg*
Lionel Z. Glancy
Michael Goldberg
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Lesley F. Portnoy
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

-and-

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

*Counsel for Plaintiffs and*
*Proposed Co-Lead Counsel for the Class*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND LOCAL CIVIL RULE 5-1**

I, the undersigned, say:

I am a citizen of the United States and am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On May 13, 2014, I served the following documents:

**NOTICE OF MOTION AND MOTION OF STANLEY GARDINER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[PROPOSED] ORDER GRANTING MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

By posting the documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as listed on the attached Court's ECF Service List.

And on any non-ECF registered parties:

By U.S. Mail:  By placing true and correct copies thereof in individual sealed envelope: with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence or mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 12, 2014, at Los Angeles, California.

*s/ Michael Goldberg*
Michael Goldberg

# Mailing Information for a Case 3:14-cv-01224-CRB Kishtagari v. Geron Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ryan Edward Blair**
  rblair@cooley.com,chourani@cooley.com

- **Elaine Chang**
  echang@glancylaw.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Lionel Z. Glancy**
  info@glancylaw.com,lboyarsky@glancylaw.com,lglancy@glancylaw.com

- **Michael M. Goldberg**
  mmgoldberg@glancylaw.com,csadler@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,mmgoldberg@glancylaw.com,echang@glancylaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)