1  David E. Bower SBN 119546
   **FARUQI & FARUQI, LLP**
2  10866 Wilshire Boulevard, Suite 1470
   Los Angeles, CA 90024
3  Telephone: 424-256-2884
   Facsimile: 424-256-2885
4  Email: dbower@faruqilaw.com

5  *Attorneys for Proposed Lead Plaintiff Vinod Patel*

6
7
8              **UNITED STATES DISTRICT COURT**
9              **NORTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| ROHAN KISHTAGARI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GERON CORPORATION, JOHN A. SCARLETT, and OLIVIA K. BLOOM,<br><br>Defendants. | Case No. 3:14-CV-01224 (CRB)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>**CLASS ACTION**<br><br>Judge: Hon. Charles R. Breyer<br>Hearing Date: July 11, 2014<br>Time: 10:00 A.M.<br>Courtroom: No. 6 |
| JAMES W. BECKMANN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GERON CORPORATION, JOHN A. SCARLETT, and OLIVIA K. BLOOM,<br><br>Defendants. | Case No. 3:14-CV-01424 (CRB) |

**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ..................................................................................... 1

FACTUAL BACKGROUND .................................................................................................. 2

ARGUMENT ............................................................................................................................ 3

I.  THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ......................... 3

II. PATEL SHOULD BE APPOINTED LEAD PLAINTIFF ...................................................... 5

    A.  The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff .......... 5

    B.  Under The PSLRA, Patel Should Be Appointed Lead Plaintiff ................................ 6

        1.  Patel Filed a Timely Motion ................................................................................. 6

        2.  Patel Has the Largest Financial Interest in the Relief Sought by the Class ............................................................................................................... 6

        3.  Patel Meets Rule 23's Typicality and Adequacy Requirements ..................... 7

III. THE COURT SHOULD APPROVE PATEL'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL .................................................................................................. 9

CONCLUSION ...................................................................................................................... 10

**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**

# TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page(s)**

*Buker v. L&L Energy, Inc., et al.*,
  No. 13-CV-06704 (RA) (S.D.N.Y.) ................................................................................................9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................................ 2, 5, 6, 7

*In re Century Aluminum Co. Sec. Litig.*,
  No. C 09-1001 SI,
  2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009) .......................................................8

*City of Ann Arbor Emples. Ret. Sys. v. Accuray Inc.*,
  No. C 09-03362 CW,
  2009 U.S. Dist. LEXIS 105466 (N.D. Cal. Oct. 26, 2009) ............................................ 4, 5, 6

*In re Diamond Foods, Inc.*,
  281 F.R.D. 405 (N.D. Cal. 2012) ............................................................................................7

*In re Dynavax Techs. Corp. Sec. Litig.*,
  No. 12-CV-02796 (CRB) (N.D. Cal.) .....................................................................................9

*In re Ebix, Inc. Sec. Litig.*,
  No. 1:11-CV-02400-RWS (N.D. Ga.) .....................................................................................9

*In re Gildan Activewear Inc. Sec. Litig.*,
  No. 08 Civ. 5048,
  2010 U.S. Dist. LEXIS 140619 (S.D.N.Y. Sept. 20, 2010) ..................................................10

*Grutter v. Bollinger*,
  539 U.S. 306 (2003) ..............................................................................................................10

*In re Heritage Bond Litig.*,
  02-ML-1475 DT, 2004 U.S. Dist. LEXIS 15386 (C.D. Cal. July 12, 2004) ...........................8

*Herrera v. LCS Fin. Servs. Corp.*,
  274 F.R.D. 666 (N.D. Cal. 2011) ............................................................................................8

*Hodges v. Akeena Solar, Inc.*,
  263 F.R.D. 528 (N.D. Cal. 2009) ............................................................................................7

*In re Longwei Petroleum Inv. Holding Ltd. Sec. Litig.*,
  No. 13 Civ. ............................................................................................................................10

*McGee v. Am. Oriental Bioengineering, Inc.*,
  12 CV 5476-FMO-SHx (C.D. Cal.) ......................................................................................10

**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**

*McIntyre v. Chelsea Therapeutics Int'l, LTD,*
   No. 12-CV-213-MOC-DCK (W.D.N.C.) .................................................................................10

*McKinney v. Google, Inc.*,
   No. 5:10-CV-01177 EJD,
   2011 U.S. Dist. LEXIS 104547 (N.D. Cal. Sept. 15, 2011) .......................................................4

*Miller v. Ventro Corp.*,
   No. C 01-01287 SBA, 2001 U.S. Dist. LEXIS 26027 (N.D. Cal. Nov. 28, 2001) ....................8

*Mulligan v. Impax Labs., Inc.*,
   No. C-13-1037 EMC,
   2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) ...........................................................6

*Niederklein v. PCS Edventures!.com, Inc.*,
   No. 1:10-cv-00479-EJL-CWD,
   2011 U.S. Dist. LEXIS 18247 (D. Idaho Feb. 24, 2011) .........................................................8

*In re Purchase Pro Inc. Sec. Litig.*,
   No. CV-C-01-0483-JLQ (D. Nev. 2001) ...................................................................................9

*Query v. Maxim Integrated Prods.*,
   558 F. Supp. 2d 969 (N.D. Cal. 2008) .......................................................................................7

*Shapiro v. Matrixx Initiatives, Inc.*,
   No. CV-09-1479-PHX-ROS (D. Ariz. 2013) ............................................................................9

*Simmons v. Spencer, et al.*,
   No. 13-CV-08216 (RWS) (S.D.N.Y.) .......................................................................................9

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) .......................................................................................4

*Tardio v. New Oriental Edu. & Tech. Grp., Inc., et al.*,
   No. 12-CV-06619 (JGK) (S.D.N.Y.) ......................................................................................10

*In re United Health Grp. Inc. Deriv. Litig.*,
   Case No. 27CV06-8065 (Minn. 4th Jud. Dt. 2009) ..................................................................9

*Weisz v. Calpine Corp.*,
   No. C 02-1200 ......................................................................................................................4, 8

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
   No. 5:11-CV-05235-RMW,
   2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) .....................................................4, 7

iii

**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ..................................................................................................................8

Fed. R. Civ. P. 42(a)......................................................................................................................4

Movant Vinod Patel ("Patel"), on behalf of himself and the putative Class defined herein, respectfully submits this memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of his motion for the entry of an order (1) consolidating the Actions (defined below) and any related actions that may be filed; (2) appointing Patel as Lead Plaintiff for the Actions; and (3) approving Patel's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## SUMMARY OF THE ARGUMENT

Presently pending in this District are two securities class actions (the "Actions")[1] brought on behalf of a putative class (the "Class") of investors who suffered damages as a result of their transactions in Geron Corporation ("Geron" or the "Company") securities during the period from June 16, 2013 through and including March 11, 2014 (the "Class Period"). In connection therewith, various movants may seek (1) to consolidate all related Actions; (2) to be appointed Lead Plaintiff; and (3) to approve their selection for Lead Counsel.

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). On this threshold question, little doubt exists. The Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder. The Actions allege virtually the same misconduct by the Company and certain officers and directors. Given that the Actions raise common issues of law and fact, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure.

With respect to the appointment of a Lead Plaintiff to oversee the consolidated Actions, Congress established a presumption in the PSLRA that requires the Court to appoint the movant

---

[1] The Actions are (1) *Kishtagari v. Geron Corp., et al.*, No. 3:14-CV-01224 (CRB) and (2) *Beckmann v. Geron Corp., et al.*, No. 3:14-CV-01424 (CRB).

1

**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**

who demonstrates the "largest financial interest" in the litigation and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

With total losses of $804,737.41, Patel, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Patel also satisfies Rule 23's typicality and adequacy requirements. Patel's claims are typical of the Class's claims because he suffered losses in his Geron investments as a result of defendants Geron, John Scarlett, and Olivia Bloom's (collectively "Defendants") false and misleading statements. Further, Patel has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and his selection of experienced class counsel. Accordingly, Patel is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Patel is entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Patel has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced plaintiffs firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Patel's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Defendant Geron is a clinical stage biopharmaceutical company incorporated in Delaware and headquartered in Menlo Park, California, and has common stock listed on the NASDAQ GS under the ticker "GERN." Geron is in the process of developing its sole product candidate, imetelstat, a telomerase inhibitor in hematogolic myeloid malignancies. Imetelstat is designed to target and bind with high affinity to the active site of telomerase, thereby directly inhibiting telomerase activity and impeding malignant cell proliferation.

Throughout the Class Period, Defendants repeatedly made false and misleading statements of fact, as well as failed to disclose material adverse facts, concerning the Company's Phase 2 clinical trial for its cancer drug imetelstat in patients with essential thrombocythemia ("ET") and polycythemia vera ("PV"), causing Defendants' positive statements about the prospects for imetelstat to be materially false and misleading at all relevant times.

On March 12, 2014, Geron announced that it received verbal notice from the U.S. Food and Drug Administration (the "FDA") that its Investigational New Drug application for imetelstat had been placed on full clinical hold, adjourning all ongoing Company-sponsored clinical trials. The Company explained that the clinical hold will affect the remaining eight patients in the Phase 2 trial for ET and PV patients and the two remaining patients in the Phase 2 trial for multiple myeloma patients, and predicted that the upcoming Phase 2 trial for myelofibrosis patients will likely be delayed. The FDA indicated that the clinical hold was due to the occurrence of persistent low-grade liver function test ("LFT") abnormalities observed in ET and PV patients, the potential risk of chronic liver injury following long-term exposure to imetelstat, and concern over whether these LFT abnormalities are reversible. On this news, the price of Geron shares declined $2.71 per share, or over 61%, to close at $1.69 per share on unusually heavy volume.

Through these Actions, Patel seeks to recover for himself and absent Class members the substantial losses that were suffered as a result of the Company's and its officers' fraud.

## ARGUMENT

### I. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding

**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**

appointment of a lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered.").[2]

Consolidation is appropriate when the actions before the court involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *McKinney v. Google, Inc.*, No. 5:10-CV-01177 EJD, 2011 U.S. Dist. LEXIS 104547, at *4 (N.D. Cal. Sept. 15, 2011) ("A district court has broad discretion to consolidate actions involving common issues of law or fact."); *City of Ann Arbor Emples. Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466, at *10 (N.D. Cal. Oct. 26, 2009) (consolidating securities class actions); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *34 (N.D. Cal. Aug. 15, 2002) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of law and fact, and the differences do not outweigh the interest of judicial economy served by consolidation. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions asserting claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of law and fact. The Actions assert claims under the Exchange Act on behalf investors who were defrauded by Geron and certain Company officers and directors. The Actions contain nearly identical allegations, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated Geron's stock price and subsequently damaged the Class when Geron's stock price crashed as the truth emerged. Consolidation of the Actions is therefore appropriate. *See Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *10 (N.D. Cal. Feb. 21, 2012) (consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced).

---

[2] All internal citations and quotations are omitted unless otherwise noted.

## II. PATEL SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(I). It provides that within twenty (20) days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as Lead Plaintiff. *See In re Cavanaugh*, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members." Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

(aa) has either filed the complaint or made a motion in response to a notice (published by a complainant);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's two-step competitive process for determining the "most adequate plaintiff"); *Accuray Inc.*, 2009 U.S. Dist. LEXIS 105466, at *5-6 (same).

Once it is determined who among the movants seeking appointment as Lead Plaintiff is the presumptive Lead Plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive Lead Plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately

representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730; *Accuray Inc.*, 2009 U.S. Dist. LEXIS 105466, at *5-6 (same).

### B. Under The PSLRA, Patel Should Be Appointed Lead Plaintiff

As discussed below, Patel should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Patel holds the largest financial interest of any movant, and Patel otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1. Patel Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff filing the initial complaint was required to publish notice of the complaint within twenty (20) days of its filing. Counsel for plaintiff Rohan Kishtagari published notice of the lead plaintiff deadline via *Business Wire* on March 14, 2014, the same day the complaint was filed.[3] *See* Bower Decl., Ex. 1.[4] Consequently, any member of the proposed Class in the Actions was required to seek to be appointed Lead Plaintiff within sixty (60) days after publication of the notice (*i.e.*, on or before May 13, 2014). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, Patel's motion is timely filed. Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Patel timely signed and submitted a certification with his motion, identifying all of his relevant Geron trades during the Class Period, and detailing Patel's suitability to serve as Lead Plaintiff in this case. *See* Bower Decl., Ex. 2. The PSLRA's procedural requirements have therefore been satisfied.

#### 2. Patel Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief

---

[3] Publication by *Business Wire* is an adequate means for meeting the PSLRA statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g., Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *8 (N.D. Cal. July 2, 2013) (considering publication in *Business Wire* to be sufficient to satisfy the PSLRA's notice requirement).

[4] All exhibits referenced herein are annexed to the Declaration of David E. Bower in Support of Vinod Patel's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Bower Decl."), dated May 13, 2014.

6
**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**

sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit often look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Woburn*, 2012 U.S. Dist. LEXIS 21590, at *14; *Query v. Maxim Integrated Prods.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008) (same). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *In re Diamond Foods, Inc.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012).

Overall, Patel suffered losses of $804,737.41 when calculated using the last in, first out methodology. *See* Bower Decl., Ex. 3. Patel is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. Patel Meets Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the Lead Plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g., Cavanaugh*, 306 F.3d at 730; *see Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) ("At this stage, the focus is primarily on the typicality and adequacy of representation requirements and only a preliminary showing is necessary.").

When assessing a movant's typicality, courts in the Ninth Circuit consider whether the other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct." *Woburn*, 2012 U.S. Dist. LEXIS 21590, at *17 (quoting *Hodges*, 263 F.R.D. at 532). However, a movant's "claims are typical if they are reasonably co-extensive with those of absent

7

class members; they need not be substantially identical." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 678 (N.D. Cal. 2011); *In re Heritage Bond Litig.*, 02-ML-1475 DT, 2004 U.S. Dist. LEXIS 15386, at *25 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

Patel's claims are clearly typical of the Class's claims. Patel purchased Geron securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and, as a result, possesses claims against Geron and its officers and directors under the federal securities laws. Because the factual and legal bases of his claims are similar, if not identical, to those of the Class's claims, Patel necessarily satisfies the typicality requirement. *Weisz*, 2002 U.S. Dist. LEXIS 27831, at *31 (finding movant typical when he "acquired securities during the Class Period, at prices allegedly inflated by the defendants' misconduct, and sustained damages as a result.").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class." Adequate representation will be found if able and experienced counsel represent the movant, the movant has no fundamental conflicts of interest with the class as a whole, and the action is not likely collusive. *See Miller v. Ventro Corp.*, No. C 01-01287 SBA, 2001 U.S. Dist. LEXIS 26027, at *44 (N.D. Cal. Nov. 28, 2001) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.").

Based upon representations in Patel's certification, his interests are perfectly aligned with— and by no means antagonistic to—the interests of the Class. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *14 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as lead plaintiff); *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *34 (D. Idaho Feb. 24, 2011)

(same). Moreover, Patel has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained in Section III below, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Bower Decl., Ex. 4. Consequently, Patel is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Patel respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Actions.

### III. THE COURT SHOULD APPROVE PATEL'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Patel has selected the Faruqi Firm to be Lead Counsel for the Class. As reflected in the firm's resume, the Faruqi Firm possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Bower Decl., Ex. 4. For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27CV06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *see also In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga.) (where the Faruqi Firm is currently awaiting final approval of a $6.5 million settlement). The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Simmons v. Spencer, et al.*, No. 13-CV-08216 (RWS) (S.D.N.Y.) (appointed co-lead counsel for the class); *Buker v. L&L Energy, Inc., et al.*, No.

9

13-CV-06704 (RA) (S.D.N.Y.) (appointed sole lead counsel for the class); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal.) (same); *In re Longwei Petroleum Inv. Holding Ltd. Sec. Litig.*, No. 13 Civ. 214 (HB) (S.D.N.Y.) (same); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C.) (same); *McGee v. Am. Oriental Bioengineering, Inc.*, 12 CV 5476-FMO-SHx (C.D. Cal.) (same); and *Tardio v. New Oriental Edu. & Tech. Grp., Inc., et al.*, No. 12-CV-06619 (JGK) (S.D.N.Y.) (appointed lead counsel on behalf of options investors).

Furthermore, the Faruqi Firm is both a minority-owned and woman-owned business, and employs minority and female attorneys and staff at every level.[5] Consequently, the Faruqi Firm provides "diversity, in terms of race and gender, in the class counsel. . . ." *In re Gildan Activewear Inc. Sec. Litig.*, No. 08 Civ. 5048, 2010 U.S. Dist. LEXIS 140619, at *3 (S.D.N.Y. Sept. 20, 2010) (ordering lead counsel to "make every effort" to assign women and minorities to the litigation). Therefore, the Faruqi Firm is well qualified to represent the Class, and Patel requests that the Court approve his selection of the Faruqi Firm as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Patel respectfully requests that the Court (1) consolidate the Actions and any related actions that may be filed; (2) appoint Patel as Lead Plaintiff for the consolidated Action; (3) approve Patel's selection of the Faruqi Firm as Lead Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: May 13, 2014                           **FARUQI & FARUQI, LLP**

                                              By:   */s/ David E. Bower*
                                                      David E. Bower

---

[5] In fact, the Faruqi Firm has been certified as such by the Women's Business Enterprise National Council (WBENC). *See* Bower Decl., Ex. 5. Thus, if all other factors are relatively equal, the fact that the Faruqi Firm is a minority-owned and woman-owned business should serve as a "plus factor" meriting the appointment of the Faruqi Firm as Lead Counsel. *See generally Grutter v. Bollinger*, 539 U.S. 306, 334 (2003) (approving consideration of minority status of law school applicant as a "plus factor" to redress prior discrimination in the legal field).

**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**

David E. Bower
SBN 119546
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email:  dbower@faruqilaw.com

*Attorneys for Vinod Patel and [Proposed] Lead Counsel for the Class*

11

**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

By:   */s/ David E. Bower*
           David E. Bower

**MEMORANDUM OF LAW IN SUPPORT OF VINOD PATEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 3:14-CV-01224 (CRB)**