IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: GERON CORPORATION SECURITIES LITIGATION

No. 3:14-cv-01224-CRB

**ORDER RE MOTION TO DISMISS**

At a hearing on April 10, 2015, the Court granted in part and denied in part Defendant Geron's Motion to Dismiss the Consolidated Amended Class Action Complaint ("CAC"). See dkts. 45, 54. At the hearing, the Court delineated each specific statement that survived the Motion, each statement that was dismissed without prejudice, and each statement that was dismissed with prejudice. The Court provides herein a brief summary of its reasoning.

As to the statements that survived the Motion, the CAC adequately alleges that Geron and the Individual Defendants made false and misleading statements and/or omissions. See 15 U.S.C. § 78u-4(b)(1); Tellabs v. Makor Issues & Rights, Ltd., 551 U.S. 308, 321 (2007). Plaintiffs allege that Geron repeatedly told investors that imetelstat was "well tolerated" in patients despite having information that revealed significant safety concerns or liver problems in all of the trial subjects, patients having left the trial, Geron ceasing to follow up after thirty days with patients who left the trial, and Geron having no information about the reversibility or duration of the liver injuries or risk of chronic liver injury. As adequately alleged in the Complaint, a revelation of the true state of affairs and/or of the known unknowns about the liver injuries would have materially altered the total mix of information available to investors. The CAC also adequately alleges Geron's scienter as

**United States District Court**
**For the Northern District of California**

required by the Private Securities Litigation Reform Act ("PSLRA") because the allegations, viewed holistically, create a strong inference of intentional conduct or deliberate recklessness that is cogent and at least as likely as the plausible opposing inferences offered by Geron. See Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc., 774 F.3d 598, 607 (9th Cir. 2014); 15 U.S.C. § 78u-4(b); Tellabs, 551 U.S. at 328.

As to the statements that were dismissed with leave to amend, the CAC does not adequately allege with particularity "the reason or reasons why the statement [or omission] is misleading." See 15 U.S.C. § 78u-4(b)(1); Tellabs, 551 U.S. 308, 321. The CAC fails to link these omissions to the alleged reason that the statements are false or misleading, as it does not adequately allege that the statements are false or misleading compared to the state of affairs that existed at the time each statement was made. As to some statements whose meaning is a matter of degree, Plaintiffs do not adequately plead how any undisclosed safety concerns make the statements actionable.

The statements that were dismissed with prejudice are non-actionable under the PSLRA "safe harbor" provision because they are forward-looking and contain meaningful cautionary language. See 15 U.S.C. § 78u-5(i)(1)(A)–(B); In re Cutera Sec. Litig., 610 F.3d 1103, 1111 (9th Cir. 2010). Because the statements are non-actionable, further amendment would be "futile." See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citations omitted).

Finally, the Court denied the Motion as to the Section 20(a) claims because the CAC sufficiently demonstrates "a primary violation of federal securities law and that the defendant[s] exercised actual power or control over the primary violator." See Kyung Cho v. UCBH Holdings, Inc., 890 F. Supp. 2d 1190, 1205 (N.D. Cal. 2012). The CAC details the individual defendants' controlling roles at Geron, their access to and monitoring of the trials, and their communications with the FDA, the SEC, and the public. See id.

**IT IS SO ORDERED.**

Dated: April 15, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE