Richard W. Gonnello (admitted *pro hac vice*)
Megan M. Sullivan (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
         msullivan@faruqilaw.com
         klenahan@faruqilaw.com

Barbara Rohr SBN 273353
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email:  brohr@faruqilaw.com

*Attorneys for Lead Plaintiff Vinod Patel*

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: GERON CORPORATION SECURITIES LITIGATION | CA No. 3:14-CV-01224 (CRB)<br><br>**STIPULATION AND ORDER TO EXTEND CASE MANAGEMENT SCHEDULE AND INCREASE PAGE LIMITS**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom:  6, 17th Floor |
| This Document Relates To:<br><br>ALL ACTIONS | CONSOLIDATED CLASS ACTION |

1     Lead Plaintiff Vinod Patel ("Lead Plaintiff") and Defendants Geron Corporation, John A. Scarlett, Olivia K. Bloom, and Stephen M. Kelsey (collectively "Defendants" and together with Lead Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate as follows:

    WHEREAS, on November 6, 2015, the Parties filed their Joint Case Management Statement and Order (the "Initial CMS") (ECF No. 94) proposing a litigation schedule and discovery plan for this action;

    WHEREAS, on November 13, 2015, the Court expressly adopted certain dates set forth in the Initial CMS, and, although not reflected in the Minute Entry (ECF No. 95), presumably approved the remaining dates set forth in the Initial CMS;

    WHEREAS, the Parties unsuccessfully attempted to mediate their dispute but since that time have continued discussions to reach a potential resolution of this action, pursuant to which discussions targeted discovery and additional information have been exchanged among the Parties;

    WHEREAS, the Parties would like to continue mediation discussions over the course of the next several weeks without incurring certain significant expenses that would result from meeting certain deadlines relating to the completion of document production and the briefing of Lead Plaintiff's upcoming motion for class certification; and

    WHEREAS, the Parties have agreed to a new case management schedule that would postpone several impending deadlines for approximately one month to accommodate for further mediation discussions;

    WHEREAS, pursuant to the amended case management schedule set forth below, Lead Plaintiff intends to file a motion for class certification;

    WHEREAS, Civil Local Rule 7-2(b) provides that memoranda of points and authorities may not exceed 25 pages, but this Court's Standing Order provides that any such memoranda may not exceed 15 pages;

    WHEREAS, given the complexity of the legal issues that must be addressed, the 15-page limit would prevent the Parties from adequately setting forth their arguments in support of and in opposition to Lead Plaintiff's motion for class certification; and

WHEREAS, counsel for the Parties met and conferred to discuss page limits for the motion for class certification, and agreed that the page limits for both Lead Plaintiff's opening brief in support of and Defendants' opposition to the motion should be increased beyond 15 pages.

WHEREFORE, IT IS HEREBY STIPULATED AND AGREED that,

1. The following amended case management schedule should be adopted and the dates highlighted in the chart below should replace the dates set forth in the Initial CMS:

| EVENT | DATE |
| --- | --- |
| Exchange of initial disclosures | December 11, 2015 |
| Plaintiff to file class certification motion | *August 12, 2016* |
| Deadline for substantial completion of document productions | *September 30, 2016* |
| Defendants to respond to Plaintiff's class certification motion | *September 26, 2016* |
| Plaintiff's reply in support of class certification motion | *November 7, 2016* |
| Hearing on Plaintiff's class certification motion | *December 2, 2016, or on a date set by the Court* |
| Fact discovery cut-off | February 24, 2017 |
| Last day to amend pleadings or add parties | March 10, 2017 |
| Deadline for Plaintiff to submit expert reports | April 7, 2017 |
| Deadline for Defendants to submit expert reports | May 8, 2017 |
| Deadline for Plaintiff to submit rebuttal expert reports, if any | June 7, 2017 |
| Expert discovery cut-off | June 23, 2017 |
| Defendants to file motion for summary judgment and/or summary adjudication | July 14, 2017 |
| Plaintiff's to respond to Defendants' motion for summary judgment and/or summary adjudication | August 28, 2017 |
| Defendants reply in support of Defendants' motion for summary judgment and/or summary adjudication | October 12, 2017 |

| | |
|---|---|
| Last day to conduct settlement conference | No later than 25 days after Court's ruling on all dispositive motions |
| Deadline to serve and file Rule 26(a)(3) disclosures | No later than 30 days after Court's ruling on all dispositive motions |
| Deadline to serve motions *in limine* | No later than 30 days after Court's ruling on all dispositive motions |
| Deadline to serve oppositions to motions *in limine* | No later than 60 days after Court's ruling on all dispositive motions |
| Deadline for the Parties to exchange copies of all exhibits, summaries, charts, and diagrams to be used at trial other than solely for impeachment | No later than 60 days after Court's ruling on all dispositive motions |
| Deadline to file joint proposed final pretrial order and other materials as set forth in the Court's "Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases" | No later than 73 days after Court's ruling on all dispositive motions |
| Pre-trial conference | No later than 80 days after Court's ruling on all dispositive motions |
| Trial to commence | No later than 90 days after Court's ruling on all dispositive motions |

2.   Lead Plaintiff's opening brief in support of his motion for class certification shall not exceed 25 pages in length.

3.   Defendants' opposition to Lead Plaintiff's motion for class certification shall not exceed 35 pages in length.

4.   Lead Plaintiff's reply in support of his motion for class certification shall not exceed 20 pages in length.

Dated:  June 8, 2016         **FARUQI & FARUQI, LLP**

By: */s/ Richard W. Gonnello*
        Richard W. Gonnello

Richard W. Gonnello (admitted *pro hac vice*)
Megan M. Sullivan (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com

msullivan@faruqilaw.com
klenahan@faruqilaw.com

Barbara Rohr SBN 273353
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email:  brohr@faruqilaw.com

*Attorneys for Lead Plaintiff*

Dated: June 8, 2016           **COOLEY LLP**

By:  */s/ Ryan E. Blair*
John C. Dwyer
3175 Hanover Street
Palo Alto, CA  94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
Email: jdwyer@cooley.com

Ryan E. Blair
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: rblair@cooley.com

*Attorneys for Defendants Geron Corporation,
John A. Scarlett, Olivia K. Bloom,
and Stephen M. Kelsey*

### ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.

Dated:   June 8, 2016           **FARUQI & FARUQI, LLP**

*/s/ Richard W. Gonnello*
Richard W. Gonnello (*pro hac vice*)

*Attorneys for Lead Plaintiff*

\*   \*   \*

4
**STIPULATION AND [PROPOSED] ORDER TO EXTEND CASE MANAGEMENT SCHEDULE AND INCREASE PAGE LIMITS
CV 14 01224 CRB**

**ORDER**

Pursuant to the foregoing stipulation, and good cause appearing, **IT IS SO ORDERED**.

DATED:  June 9, 2016

_____
Honorable Charles R. Breyer
United States District Judge