# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GERON CORPORATION SECURITIES LITIGATION | Case No. 3:14-CV-01224-CRB<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| This Document Relates To:<br><br>ALL ACTIONS | Judge:  Charles R. Breyer<br>Hearing Date:  April 7, 2017<br>Time:  10:00 A.M.<br>Courtroom:  6, 17th Floor<br><br><u>CONSOLIDATED CLASS ACTION</u> |

WHEREAS, Lead Plaintiff Vinod Patel ("Lead Plaintiff"), on behalf of all Class Members, on the one hand, and Defendants Geron Corporation (the "Company" or "Geron"), John A. Scarlett, Stephen M. Kelsey, and Olivia K. Bloom (collectively, "Defendants" and together with Lead Plaintiff, the "Settling Parties"), on the other hand, by and through their respective counsel, have entered into a Stipulation and Agreement of Settlement dated as of March 2, 2017 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for settlement of the above captioned class action (the "Action") and for dismissal with prejudice of the Action as against Defendants;

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement of the Action;

WHEREAS, the Court, having read and considered the Stipulation and the exhibits annexed thereto and Lead Plaintiff's motion for preliminary approval; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT:

1.      The Court preliminarily approves the Settlement as being fair, reasonable, and adequate, subject to further consideration at a hearing to be held before this Court on _____, 2017 at _____ a.m./p.m. (a date at least 100 days from the date of entry of this Order) (the "Final Fairness Hearing") to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and should be approved by the Court; whether the Order and Final Judgment, attached as Exhibit B to the Stipulation should be entered; whether the proposed Plan of Allocation is reasonable and should be approved; whether Lead Counsel's application for an award of attorneys' fees and expenses and an award for Lead Plaintiff should be granted; to hear any objections by Class Members to the Settlement or proposed Plan of Allocation and to any award of fees and/or expenses to Lead Counsel and to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

2.      The District Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) for the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each Class Member; (c) the claims of Lead Plaintiff are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Lead Plaintiff is certified as the Class Representative on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiff and appointed by the District Court, Faruqi & Faruqi, LLP, is hereby appointed as Class Counsel.

4.     The Class is defined as Lead Plaintiff as well as all Persons who purchased or otherwise acquired Geron common stock during the Class Period and who allege to have been damaged thereby.  Excluded from the Class are Defendants named herein; Persons who suffered no compensable losses (*e.g.*, those who purchased Geron common stock during the Class Period but sold prior to any partial corrective disclosure); members of the immediate family of the Individual Defendants; the officers and directors of Geron; any firm, trust, partnership, corporation, officer, director, or other individual or entity in which any Defendants have a controlling interest; and the legal representatives, heirs, successors-in-interest or assigns of such excluded Persons.  Also excluded from the Class is any Person who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements to be set forth in the Settlement Notice.  The Class Period is defined as the period from December 10, 2012 through and including March 11, 2014, both dates inclusive.

5.     Pending final determination of whether the Settlement should be approved, each Class Member is barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind asserting any of the Settled Claims against any of the Defendant Releasees.

6.     For purposes of clarity, nothing contained herein shall release any claims asserted in the actions filed in the District Court and captioned *DiLaura v. Scarlett et al.,* Lead Case No. 4:15-cv-02989-CRB, *Haddock v. Scarlett et al.*, Case No. 3:15-cv-03007-CRB, and the actions filed in the California Superior Court for the County of San Mateo and captioned *Oriente v. Scarlett et al.*, Lead Case No. CIV528121, or *Cavel v. Scarlett et al.*, Case No. CIV535151.

7.     The Court appoints Epiq Systems, Inc. (the "Claims Administrator") to supervise and administer the notice procedure and processing of claims pursuant to the Stipulation.

8.     The Court approves the form of the Settlement Notice and Publication Notice, attached hereto has Exhibits A-1 and A-3, respectively, and finds that the mailing and distribution of the Settlement Notice and publishing of the Publication Notice meet the requirements of Rule

1   23 and due process, and are the best notice practicable under the circumstances and shall constitute

2   due and sufficient notice to all Persons entitled to notice.

3       9.      The Claims Administrator shall cause the Settlement Notice and the Proof of Claim

4   form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be

5   mailed, by first-class mail, postage prepaid, on or before _____, 2017 (*i.e.*, within twenty

6   (20) calendar days of the date of entry of this Order) ("Notice Date"), to all Class Members who

7   can be identified through reasonable effort.  Lead Counsel shall cause the Claims Administrator to

8   publish the Settlement Notice and Proof of Claim on a website designated for the Action on the

9   Notice Date.  Lead Counsel shall serve on counsel for each of the Defendants and file with the

10  Court, no later than forty (40) calendar days before the Final Fairness Hearing, proof of mailing of

11  the Settlement Notice and Proof of Claim.

12      10.     The Claims Administrator shall cause the Publication Notice, substantially in the

13  form annexed hereto as Exhibit A-3, to be published once in the national edition of the *Investor's*

14  *Business Daily* and once over *PR Newswire*, within ten (10) calendar days of the Notice Date.

15  Lead Counsel shall, no later than forty (40) calendar days before the Final Fairness Hearing, file

16  with the Court proof of publication of the Publication Notice.

17      11.     The Claims Administrator shall be responsible for the receipt of all Proofs of Claim

18  and requests for exclusion and, until further order of the Court, shall preserve all Proofs of Claim

19  and requests for exclusion from any Person in response to the notice.  The Claims Administrator

20  shall scan and send electronically copies of all requests for exclusion from the Settlement in .pdf

21  format (or such other format as shall be agreed) to counsel for each of the Defendants and to Lead

22  Counsel expeditiously as possible, but no later than three (3) business days, after the Claims

23  Administrator receives such requests for exclusion.

24      12.     As part of their reply papers in support of their motion for final approval of the

25  Settlement, Lead Counsel will provide a list of all Persons who have requested exclusion from the

26  Class as defined in the Complaint and all of the information provided to the Claims Administrator

27

28

1  for those Persons requesting exclusion, and shall certify that all requests for exclusion received

2  have been copied and provided to counsel for each of the Defendants and Lead Counsel.

3         13.     The Claims Administrator shall use reasonable efforts to give notice to nominee

4  owners such as brokerage firms and other persons or entities who purchased or otherwise acquired

5  Geron common stock during the Settlement Class Period as record owners but not as beneficial

6  owners.  Such nominees who hold or held Geron common stock for beneficial owners who are

7  members of the Class are directed (a) to provide the Claims Administrator with lists of the names

8  and last known addresses of the beneficial owners for whom they purchased or otherwise acquired

9  Geron common stock during the Settlement Class Period within seven (7) calendar days of receipt

10  of the Settlement Notice, or (b) to send the Settlement Notice and Proof of Claim to the beneficial

11  owners.  If the nominee owner elects to send the Settlement Notice and Proof of Claim to the

12  beneficial owners, the nominee owner is directed (i) to request additional copies of the Settlement

13  Notice and Proof of Claim within seven (7) calendar days of receipt of the Settlement Notice, and

14  (ii) to mail the Settlement Notice and Proof of Claim within seven (7) calendar days of receipt of

15  the copies of the Settlement Notice from the Claims Administrator, and upon such mailing the

16  nominee owner shall send a statement to the Claims Administrator confirming that the mailing was

17  made as directed.  Such nominee owners shall be reimbursed from the Settlement Fund, after

18  receipt by the Claims Administrator of proper documentation, for the reasonable expenses of

19  sending the Settlement Notice and Proof of Claim to the beneficial owners.

20         14.     All notice and administrative expenses shall be paid as set forth in the Stipulation.

21         15.     The Claims Administrator is authorized and directed to undertake the actions

22  contemplated by the Stipulation, including the payment or reimbursement of any Taxes or Tax

23  Expenses out of the Settlement Fund and the preparation of tax returns, without further order of the

24  Court.

25         16.     Any Class Member who wishes to participate in the distribution(s) from the Net

26  Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions

27  contained therein.  Unless otherwise ordered by the Court, all Proofs of Claim must be completed

28

and post-marked no later than seventy-five (75) calendar days from the Notice Date.  Unless otherwise ordered by the Court, any Class Member who does not complete and submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund.

17.     All eligible Persons who do not request exclusion from the Class postmarked at least twenty-five (25) calendar days prior to the Final Fairness Hearing, and in the form and manner set forth in the Stipulation and the Settlement Notice, will be bound by the Stipulation, including, but not limited to, the releases provided therein, and by any judgment or determination of the Court affecting the Class.

18.     All eligible Persons requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Settlement Notice.

19.     Any eligible member of the Class who has not requested exclusion from the Class may appear at the Final Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate and why a judgment should not be entered thereon; provided, however, that no eligible member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the Settlement and the Order and Final Judgment to be entered approving the same unless no later than twenty-five (25) calendar days prior to the date set for the Final Fairness Hearing, such eligible Class Member has filed said objections, briefs, and supporting papers (which must contain proof of all purchases and sales of Geron common stock during the Settlement Class Period and price(s) paid and received) with the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.  Persons who intend to object to the Settlement and desire to present evidence at the Final Fairness Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Final Fairness Hearing.  Any party has the right to object to any testimony or other evidence which a Person objecting to the Settlement seeks to introduce.

20.     Unless the Court otherwise directs, no Class Member or other Person shall be entitled to object to the Settlement, or the Order and Final Judgment to be entered herein, or otherwise be heard, except by serving and filing written objections as described above.  Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Settlement and by all proceedings, orders and judgment in the Action.

21.     Lead Counsel shall submit papers in support of final approval of the Settlement and its application for an attorneys' fees and Litigation Expenses award by no later than forty (40) calendar days prior to the date set for the Final Fairness Hearing.  Reply papers addressing requests for exclusion or objections to the Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses, shall be due seven (7) calendar days prior to the Final Fairness Hearing.

22.     No Defendant Releasees shall have any responsibility for any Plan of Allocation of the Net Settlement Fund or any application for an attorneys' fees and Litigation Expenses award submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Lead Counsel shall be responsible for the apportionment of fees and expenses amongst Lead Counsel.

23.     The administration of the Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

24.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

25.     Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by the Defendants or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or as an admission by the Lead Plaintiff, or any Class Members of any lack of merit of the allegations in the Action in any respect. IT IS SO ORDERED.

1   Dated:  San Francisco, California

2   _____, 2017

3

4                                           _____

5                                           Honorable Charles R. Breyer
                                            United States District Court Judge
6                                           Northern District of California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re GERON CORPORATION SECURITIES LITIGATION | Case No. 3:14-CV-01224-CRB |
| This Document Relates To:<br><br>ALL ACTIONS | |

## NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION

**If you purchased or otherwise acquired Geron Corporation common stock between December 10, 2012 through and including March 11, 2014, you might be a member of the settlement class in this action entitling you to a payment in connection with a settlement of the action.**

*A federal court authorized this settlement notice. This is not a solicitation from a lawyer.*

- This notice ("Settlement Notice") relates to a securities class action brought by investors who claim that the prices of Geron Corporation ("Geron" or the "Company") common stock were inflated as a result of alleged false statements and/or misleading statements in violation of the federal securities laws.

- On _____, 2017, the Court preliminarily approved a settlement of this class action (the "Settlement"). This Settlement is with Defendants Geron, Dr. John A. Scarlett, M.D. ("Dr. Scarlett"), Dr. Stephen M. Kelsey, M.D. ("Dr. Kelsey"), and Ms. Olivia K. Bloom ("Ms. Bloom") (collectively "Defendants").

- The Settlement provides that Defendants will cause $6,250,000 to be paid to the Class. After payment of attorneys' fees, costs, and expenses, the remaining settlement proceeds will be distributed to investors who are members of the Class and who submit a timely and valid Proof of Claim and Release Form ("Proof of Claim"). Your recovery as a Class Member will depend on the timing of your purchases and sales of Geron common stock during the Class Period. Based on the information currently available to Lead Plaintiff, Lead Plaintiff estimates that if Class Members submit claims for 100% of the shares eligible for distribution, the estimated average distribution per share of common stock will be approximately $0.08 before deduction of Court-approved fees and expenses, including the cost of notifying potential Class Members and administering claims. Historically, actual claims rates are less than 100%, which will result in higher average distributions per share.

- By submitting the enclosed Proof of Claim, you will be submitting a claim to share in the proceeds of the Settlement, unless you request to be excluded from the Settlement.

- Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff, as well as all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants believe the Action has no merit. Defendants deny that they made any false or misleading statements during the Class Period, that they had the state of mind required to render any of the alleged misrepresentations and omissions actionable, and that any alleged loss was caused by any alleged misrepresentations.  Lead Plaintiff disputes all of the foregoing.  As a result, the Settling Parties disagree on a number of issues, including, but not limited to: (i) whether Defendants violated the federal securities laws as alleged in the Complaint; and (ii) to what extent, if at all, Class Members have sustained damages, and the proper measure of damages.

- In accordance with the fee agreement between Lead Plaintiff and the attorneys who have been appointed to represent the class, Lead Counsel will ask the Court to award them a fee equal to 25% of the Settlement Amount, after deduction of Litigation Expenses, plus reimbursement of expenses incurred in prosecuting this lawsuit to be paid from the Settlement proceeds, not to exceed $200,000.  Lead Counsel also intend to ask the Court to grant the Class Representative an expense award not to exceed $10,000 in total.  If those applications are granted, Lead Plaintiff estimates that the amount of fees and costs will be approximately $0.002 per share of common stock.[1]

- Lead Plaintiff's principal reason for entering into the settlement is that it provides significant benefits to Class Members and avoids the costs of continuing the lawsuit against Defendants and the risk of smaller recovery, or no recovery at all.  While expressly denying and continuing to deny all allegations of liability, fault, or wrongdoing whatsoever, Defendants' principal reason for entering into the Settlement is to eliminate the expense, risk, and uncertainty of further litigation.

- If you are a member of the Class and the Settlement is approved, your legal rights will be affected whether you act or not.  Read this Settlement Notice carefully to see what your options are in connection with the Settlement.

- Lead Plaintiff and the Class are represented by Richard W. Gonnello of Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017 (212) 983-9330, www.faruqilaw.com.

---

[1]     The estimated notice and claims administration costs for this Settlement, which shall be paid from the Settlement Fund, are $250,000.  The cost is only an estimate, however, as the administration has not fully commenced as of the date of this Notice.  Based upon the estimate, Lead Plaintiff estimates that the notice and administration costs per share would be approximately $0.003.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **Submit a Proof of Claim (by _____, 2017)** | You must submit a timely and valid Proof of Claim to share in the net proceeds of the Settlement.<br><br>If this Settlement is approved and you are a member of the Class, you may also be entitled to receive a payment from the Settlement.  You must submit a Proof of Claim to share in the Settlement's net proceeds.  A copy of the Proof of Claim is available at www.GeronCorporationSecuritiesLitigation.com.  Note that no claims less than $10.00 will be processed or paid.<br><br>If you remain in the Class, you will be bound by the Settlement and will give up any "Released Claims" (as defined below) you may have against the Defendants and other "Defendant Releasees" (as defined below), so it is in your interest to submit a Proof of Claim. |
| **Exclude Yourself (by _____, 2017)** | If you exclude yourself, you will not get a payment from the Settlement and will not be bound by the Settlement.<br><br>If you do not timely and validly request exclusion from the Class, you will be bound by any judgment entered in the Action pursuant to the Stipulation and Agreement of Settlement. |
| **Object (by _____, 2017)** | If you do not exclude yourself, but you wish to object to any part of the Settlement, you may write to the Court about your objections. |
| **Attend the Hearing (on _____, 2017)** | If you have submitted a written objection to the Settlement to the Court, you may (but do not have to) attend the hearing about the Settlement and speak to the Court about your objections. |

- These rights and options – and the deadlines to exercise them – are explained in this Settlement Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in any appeals.  Please be patient.

**[END OF COVER PAGE]**

| WHAT THIS NOTICE CONTAINS |
|:---:|

**BASIC INFORMATION**.........................................................................................**Page _**
    1.      Why am I receiving this Settlement Notice?
    2.      What is a class action?
    3.      What is this lawsuit about?
    4.      What should I do if my address changes, or if this Settlement Notice was sent to the wrong address?

**WHO IS IN THE SETTLEMENT CLASS** ............................................................**Page _**
    5.      How do I know whether I am a member of the Class?
    6.      Are there exceptions to being included?
    7.      I am still not sure whether I am included.

**SUMMARY OF THE SETTLEMENT**...................................................................**Page _**
    8.      How and when was the Settlement reached?
    9.      What does the Settlement provide?
    10.    What are the reasons for the Settlement?
    11.    What is the potential outcome of the lawsuit absent the Settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU GET**....................................**Page _**
    12.    How much will my payment be?

**HOW TO GET A PAYMENT** ............................................................................**Page _**
    13.    What do I have to do to receive a share of the Settlement?
    14.    When will I receive my payment?
    15.    What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .............................**Page _**
    16.    What if I want to be excluded from the Settlement?
    17.    If I don't exclude myself, can I sue Defendants for the same thing later?
    18.    If I exclude myself, can I get money from the Settlement?

**THE LAWYERS REPRESENTING YOU** .......................................................... **Page _**
    19.    Do I have a lawyer in the case?
    20.    How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES** .................... **Page _**
    21.    How do I tell the Court if I don't like the Settlement?
    22.    What's the difference between objecting and requesting exclusion?
    23.    When and where will the Court decide whether to approve the Settlement?
    24.    Do I have to come to the hearing?

25.    May I speak at the hearing?

**IF YOU DO NOTHING** ............................................................................................ **Page _**
    26.    What happens if I do nothing at all?

**GETTING MORE INFORMATION**............................................................................ **Page _**
    27.    Are there more details about the Settlement?
    28.    How do I get more information?

**SPECIAL NOTICE TO BANKS, BROKERS, AND NOMINEES**................................. **Page _**

**BASIC INFORMATION**

| 1. Why am I receiving this Settlement Notice? |
| :--- |

The Court caused this Settlement Notice to be sent to people who may have purchased or acquired Geron common stock between December 10, 2012 and March 11, 2014 ("Class Period"), both dates inclusive. The Court caused this Settlement Notice to be sent out because, if you purchased or acquired those securities during that period, you have a right to know about the proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

The purpose of this Settlement Notice is to provide you with the Proof of Claim and information regarding the deadline to submit that form if you wish to receive a payment from the Settlement.

This Settlement Notice describes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Northern District of California. The case is known as *In re Geron Corp. Sec. Litig.*, No. 3:14-CV-1224-CRB.

| 2. What is a class action? |
| :--- |

In a class action, one or more plaintiffs, called lead plaintiffs or class representatives, sue on behalf of people who have similar claims. All of the individuals and entities on whose behalf the class representatives are suing are known as class members. One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

| 3. What is this lawsuit about? |
| :--- |

This lawsuit (the "Action") is a class action alleging violations of the federal securities laws by Geron and Geron's Chief Executive Officer Dr. Scarlett, Chief Medical Officer Dr. Kelsey, and Chief Financial Officer Ms. Bloom. The Court has appointed Vinod Patel ("Lead

5

Plaintiff") to serve as Lead Plaintiff in the Action and has appointed the law firm Faruqi & Faruqi, LLP to serve as Lead Counsel on behalf of the Class.

The Amended Class Action Complaint ("Complaint"), which was filed in the Action on September 19, 2014, alleges that Geron, Dr. Scarlett, Dr. Kelsey, and Ms. Bloom violated the Securities Exchange Act of 1934 by making three categories of false and misleading statements during the Class Period: (a) Prior to March 2013, Defendants failed to disclose the full extent of the liver abnormalities observed in patients enrolled in the Company's phase 2a trial designed to test its telomerase inhibitor, imetelstat, in patients with Essential Thrombocythemia and Polycythemia Vera (the "ET Trial"); (b) Defendants falsely represented that the Company was continuing to follow all patients previously enrolled in the ET Trial when in fact many patients had left the ET Trial and were no longer being followed; and (c) Defendants misrepresented that imetelstat was well tolerated and did not appear to worsen over time when Defendants were not aware whether imetelstat was well tolerated or worsening in patients who had left the ET Trial because those patients were no longer being followed.  As alleged in the Complaint, on March 12, 2014, the FDA placed a clinical hold on the IND for imetelstat due to the occurrence of persistent low-grade liver function test (LFT) abnormalities observed in the ET trial and the potential risk of chronic liver injury following long-term exposure to imetelstat. The FDA expressed concern about whether these LFT abnormalities are reversible.  On this news, the price of Geron common stock declined $2.71 per share, over 61%, to close at $1.69 per share on March 12, 2014, on unusually heavy volume.

The Complaint alleges that investors who purchased or otherwise acquired Geron common stock during the Class Period suffered damages, as alleged therein.

Defendants deny that they made any false or misleading statements during the Class Period, that they had the state of mind required to render any of the alleged misrepresentations and omissions actionable, and that any alleged loss was not caused by any alleged misrepresentations.

Following the filing of the Complaint, Defendants moved to dismiss the claims asserted against them.  By order dated April 15, 2015, the Court denied the motion to dismiss in part and granted it in part.  While the Court allowed some of Lead Plaintiff's claims to move forward, the Court has made no substantive determinations on the merits of the claims against Defendants.

On November 2, 2015, the Settling Parties engaged in an all-day mediation session before the Hon. Layn Phillips, which did not result in a settlement.  In order to facilitate settlement, Defendants produced thousands of pages of documents to Lead Plaintiff and the parties began the initial stages of fact discovery.  On August 12, 2016, Lead Plaintiff moved to certify the class, and in the middle of this process, the Settling Parties again endeavored to reach a settlement.  After numerous arm's-length negotiations with the help of Hon. Phillips, the Settling Parties were able to come to an agreement in principle on November 11, 2016.

| **4.   What should I do if my address changes, or if this Settlement Notice was sent to the wrong address?** |
|---|

If this Settlement Notice was sent to you at the wrong address, or if your address changes in the future, please send prompt written notification of your correct address to the Claims Administrator at the following address:

> *Geron Corporation Securities Litigation*
> c/o Claims Administrator
> P.O. Box 4153
> Portland, OR 97208-4153

| **5.   How do I know whether I am part of the Settlement?** |
|---|

The Court has preliminarily certified for purposes of the Settlement a class that consists of, subject to certain exceptions identified below, the following individuals and entities:

> *Lead Plaintiff as well as all persons who purchased or otherwise acquired Geron common stock during the period between December 10, 2012 and March 11, 2014, both dates inclusive, and who allege to have been damaged thereby.*

| **6.   Are there exceptions to being included?** |
|---|

Yes.  Excluded from the Class are (a) persons who suffered no compensable losses, e.g., those who purchased Geron common stock during the Class Period but sold prior to any partial corrective disclosure; (b) Defendants; (c) members of the immediate family of the individual Defendants; (d) the officers and directors of Geron; (e) any firm, trust, partnership, corporation, officer, directors, or other individual or entity in which any Defendants have a controlling interest; and (f) the legal representatives, heirs, successors, and assigns of such excluded parties.

Also excluded from the Class are any persons or entities who exclude themselves by submitting a timely request for exclusion in accordance with the requirements set forth in this Settlement Notice.

| **7.   I'm still not sure whether I am included.** |
|---|

If you are still not sure whether you are included, you can ask for help, which will be provided to you at no cost.  You can call the Claims Administrator toll free at 1-844-299-2263, or write to the Claims Administrator at the address stated in the answer to Question #4 above.

## SUMMARY OF SETTLEMENT

| **8.   How and when was the Settlement reached?** |
|---|

Lead Plaintiff reached an agreement-in-principle with Defendants regarding the

Settlement on November 11, 2016.  Thereafter, Lead Plaintiff and Defendants executed a Stipulation and Agreement of Settlement (the "Stipulation") to formalize their agreement.

The Settlement was reached after arm's-length negotiations between Lead Counsel and counsel for Defendants, and only after Lead Counsel had: (a) conducted a lengthy investigation into the facts alleged in the Action; (b) drafted an amended complaint; (c) briefed a motion to dismiss and received a Court order denying in part the motion; (d) reviewed thousands of pages of documents produced by Defendants; (e) conducted a mediation with Defendants followed by several months of protracted settlement negotiations; (f) researched the applicable law with respect to the Class's claims against Defendants and the potential defenses thereto; (g) participated in the initial stages of fact discovery; (h) filed a motion for class certification; and (i) consulted with economic and medical experts regarding the facts of the case.

## 9.   What does the Settlement provide?

In the Settlement, Defendants agree to cause $6,250,000 to be paid to the Class (the "Settlement Amount").  The Settlement Amount is to be paid into escrow within twenty (20) calendar days after the Court's preliminary approval of the Settlement.

The Settlement shall become effective when and if each of the following conditions is met: (a) the Court has entered a final judgment approving the Settlement, and (b) any appeals from that judgment have been finally resolved, or the time has expired in which to file such appeals (the "Effective Date").

If the Settlement is approved by the Court, then as of the Effective Date of the Settlement all members of the Class will be deemed to have released all claims against the Defendant Releasees (as defined below) that arise out of or relate to the allegations in the Complaint.  This means that, upon the Effective Date, all Class Members will be permanently barred from asserting any of the claims described above against Defendants.  In addition, upon the Effective Date, Defendants will be precluded from suing the Lead Plaintiff, members of the Class, or Lead Counsel in connection with the Action.

## 10.   What are the reasons for the Settlement?

Lead Plaintiff agreed to the Settlement because of the substantial monetary benefit it will provide to the Class, compared to the risk that recovery might not be achieved after a contested trial.  Further discovery in this matter, including extensive document review and witness depositions, would be time consuming and costly.  Additional litigation of this Action would take several years and the outcome of summary judgment or a trial is uncertain.  As well, Defendants might appeal the verdict, resulting in further uncertainty and delay.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff, as well as all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants believe the Action has no merit.  Defendants deny that they made any false or misleading statements during the Class Period, that they had the state of mind required to

render any of the alleged misrepresentations and omissions actionable, and that any alleged loss was caused by any alleged misrepresentations.  Defendants agreed to the Settlement to settle and terminate all existing or potential claims against them, and to eliminate the expense, risk, and uncertainty of further litigation.

| 11. | What is the potential outcome of the lawsuit absent the Settlement? |
|---|---|

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff, as well as all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants believe the Action has no merit.  Defendants deny that they made any false or misleading statements during the Class Period, that they had the state of mind required to render any of the alleged misrepresentations and omissions actionable, and that any alleged loss was caused by any alleged misrepresentations.  Lead Plaintiff disputes all of the foregoing.  As a result, the parties disagree on a number of issues, including, but not limited to: (a) whether Defendants engaged in conduct that would give rise to liability under the federal securities laws; (b) whether Defendants have valid defenses to the claims against them; and (c) the amount, if any, by which the price of Geron common stock was artificially inflated as a result of Defendants' alleged violations of the federal securities laws.

Accordingly, one potential outcome of the lawsuit absent the Settlement is that Defendants could prevail in full on a motion for summary judgment and the case could be dismissed in its entirety without any recovery for the Class.  Similarly, Defendants could prevail at trial and there could be no recovery for the Class.  Alternatively, Lead Plaintiff could prevail on some or all claims and the damages could be greater or lesser than the Settlement Amount.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 12. | How much will payment be? |
|---|---|

The Plan of Allocation set forth below explains how each Class Member's "Recognized Loss" will be calculated.  The amounts to be distributed to individual Class Members will depend on a variety of factors, including: (i) the number of other Class Members who submit valid Proofs of Claim; (ii) the amount of Geron common stock you purchased; (iii) the prices and dates of those purchases; (iv) and the prices and dates of any sales of your Geron common stock. The manner of dividing the Settlement proceeds has not yet been determined.  Depending upon which securities you purchased and the timing of your transactions, you may be entitled to recover all, none, or only some of the claims asserted in the Complaint.

The amount to be distributed to Class Members on a per share basis will depend on future Court proceedings and factual and legal analysis, and it is therefore only possible to make an approximate estimate of the amount of any such distribution at the present time.  At the Final Fairness Hearing, Lead Plaintiff will seek final Court approval of the below Plan of Allocation that will govern calculation of Class Members' individual distributions.

**Proposed Plan of Allocation of the Net Settlement Fund Among Class Members**

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the allegation, made by Lead Plaintiff and denied by Defendants, that the price of Geron common stock was artificially inflated throughout the Class Period.  The estimated alleged artificial inflation in the price of Geron common stock is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Geron common stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous allegedly misleading statements or omissions.  Thus, in order to have been damaged by the alleged violations of the federal securities laws, Geron common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.  Lead Plaintiff and Lead Counsel have determined that such price declines occurred on: March 13, 2013 and March 12, 2014 which Lead Plaintiff alleges are due to the disclosure of information which corrected an allegedly misleading statement or omission (the "Corrective Disclosures").  Accordingly, if Geron common stock was sold before March 13, 2013, (the earliest Corrective Disclosure date), the Recognized Loss for such stock is $0.00, and any loss suffered is not compensable under the federal securities laws.  Likewise, if Geron common stock was purchased on or after March 13, 2013 and subsequently sold prior to March 12, 2014, the Recognized Loss for such stock is $0.00.

| Table 1 | | |
|---|---|---|
| Alleged Artificial Inflation in Geron Common Stock[2] | | |
| From | To | Per-Share Price Inflation* |
| December 10, 2012 | March 12, 2013 | $2.71 |
| March 13, 2013 | March 11, 2014 | $2.59 |
| March 12, 2014 | Thereafter | $0.00 |

* If the alleged price inflation reflected in Table 1 exceeds the purchase price paid for shares of Geron common stock, then the alleged price inflation shall be equal to the purchase price paid for such shares of Geron common stock, excluding all fees, taxes and commissions.

The "90-day lookback" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Geron common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Geron common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Geron common stock during the 90-Day Lookback Period.  The Recognized Loss on

---

[2]     Any transactions in Geron common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

Geron common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of the Geron common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to $0.00.

**Calculation of Recognized Loss Per Share of Geron Common Stock**

For each share of Geron common stock purchased or otherwise acquired during the Class Period (*i.e.*, December 10, 2012 through March 11, 2014, inclusive), the Recognized Loss per share shall be calculated as follows:

    i.    For each share of Geron common stock that was purchased during the period December 10, 2012 through March 11, 2014, inclusive, that was subsequently sold prior to March 12, 2014, the Recognized Loss per share is: the amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

    ii.    For each share of Geron common stock that was purchased during the period December 10, 2012 through March 11, 2014, inclusive, that was subsequently sold during the period March 12, 2014 through June 9, 2014, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

        b.    the per-share purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

    iii.    For each share of Geron common stock that was purchased during the period December 10, 2012 through March 11, 2014, inclusive, and still held as of the close of the U.S. financial markets on June 9, 2014, the Recognized Loss per share is *the lesser of*:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

        b.    the per-share purchase price *minus* the average closing price for Geron common stock during the 90-Day Lookback Period, which is $1.88.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 3/12/2014 | $1.60 | 4/10/2014 | $1.93 | 5/12/2014 | $1.87 |
| 3/13/2014 | $1.64 | 4/11/2014 | $1.92 | 5/13/2014 | $1.87 |
| 3/14/2014 | $1.67 | 4/14/2014 | $1.91 | 5/14/2014 | $1.87 |
| 3/17/2014 | $1.67 | 4/15/2014 | $1.91 | 5/15/2014 | $1.86 |
| 3/18/2014 | $1.81 | 4/16/2014 | $1.91 | 5/16/2014 | $1.86 |
| 3/19/2014 | $1.87 | 4/17/2014 | $1.90 | 5/19/2014 | $1.86 |
| 3/20/2014 | $1.90 | 4/21/2014 | $1.90 | 5/20/2014 | $1.86 |
| 3/21/2014 | $1.92 | 4/22/2014 | $1.91 | 5/21/2014 | $1.86 |
| 3/24/2014 | $1.95 | 4/23/2014 | $1.90 | 5/22/2014 | $1.86 |
| 3/25/2014 | $1.96 | 4/24/2014 | $1.91 | 5/23/2014 | $1.86 |
| 3/26/2014 | $1.95 | 4/25/2014 | $1.90 | 5/27/2014 | $1.87 |
| 3/27/2014 | $1.95 | 4/28/2014 | $1.90 | 5/28/2014 | $1.87 |
| 3/28/2014 | $1.95 | 4/29/2014 | $1.90 | 5/29/2014 | $1.87 |
| 3/31/2014 | $1.95 | 4/30/2014 | $1.90 | 5/30/2014 | $1.87 |
| 4/1/2014 | $1.95 | 5/1/2014 | $1.90 | 6/2/2014 | $1.87 |
| 4/2/2014 | $1.95 | 5/2/2014 | $1.89 | 6/3/2014 | $1.87 |
| 4/3/2014 | $1.95 | 5/5/2014 | $1.89 | 6/4/2014 | $1.87 |
| 4/4/2014 | $1.94 | 5/6/2014 | $1.88 | 6/5/2014 | $1.87 |
| 4/7/2014 | $1.93 | 5/7/2014 | $1.88 | 6/6/2014 | $1.87 |
| 4/8/2014 | $1.93 | 5/8/2014 | $1.87 | 6/9/2014 | $1.88 |
| 4/9/2014 | $1.93 | 5/9/2014 | $1.87 | | |

**Instructions Applicable To all Claimants**

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Geron common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.
Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Geron common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Geron common stock was originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be $0.00.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Geron common stock held immediately prior to the start of the Class Period and then against the purchases of Geron common stock during the Class Period.

12

The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is $0.00.  In the event that a claimant has an opening short position in Geron common stock, the earliest Class Period purchases shall be matched against such opening short position and will not be entitled to a recovery until that short position is fully covered.

With respect to Geron common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Geron common stock on the date of exercise of the option.  Any Recognized Loss arising from purchases of Geron common stock acquired during the Class Period through the exercise of an option on Geron common stock[3] shall be computed as provided for other purchases of Geron common stock in the Plan of Allocation.

A Recognized Loss will be calculated as defined herein and cannot be less than $0.00.  The Claims Administrator shall allocate to each Class Member a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Class Members (see the Plan of Allocation for additional details).  No distribution will be made to Class Members who would otherwise receive a distribution of less than $10.00.  Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds.  The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Payment according to the Plan of Allocation will be deemed conclusive against all Class Members.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, Defendant Releasees or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Defendant Releasees and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Class Members after all claims have been processed and

---

[3]     This shall include (1) purchases of Geron common stock as the result of the exercise of a call option, and (2) purchases of Geron common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to Investor Protection Trust, a nation-wide non-profit organization dedicated to providing investor education and advocacy.

## HOW TO GET A PAYMENT

**13.    What do I have to do to receive a share of the Settlement?**

To qualify for a settlement payment from the proceeds of the Settlement, you **must** send in a Proof of Claim.  A Proof of Claim is enclosed with this Settlement Notice.  You also may get a Proof of Claim on the internet at www.GeronCorporationSecuritiesLitigation.com, or by calling the Claims Administrator. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign the form, and mail it postmarked no later than _____, 2017.

**14.    When will I receive my payment?**

Lead Plaintiff does not anticipate being able to distribute the Settlement proceeds to members of the Class until at least a year from now.  Distribution may be delayed in the interest of the Class in order to minimize the number and cost of distributions during the course of the Action.

Any Settlement payments from the net Settlement proceeds are also contingent upon the Court approving the Settlement and on such approval becoming final and no longer subject to any appeals.

The Net Settlement Fund will be kept in an interest-bearing account until it is ready for distribution, and the accrued interest will be added to the principal that will be distributed to the Settlement Class.

**15.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you will remain a Settlement Class Member, and that means

14

that, if the Settlement is approved, you will give up all "Settled Claims" (as defined below), including all "Unknown Claims" (as defined below), against the "Defendant Releasees" (as defined below):

- "Defendant Releasees" means (1) Defendants, (2) Defendants' Counsel, (3) with regard to Geron all past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, accountants, investment bankers, commercial bankers, shareholders, underwriters, financial or investment advisors, trustees, partners, limited partners, controlling shareholders, joint venturers, co-developers, collaborators, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers, co-insurers, and reinsurers; (4) with regard to Dr. John A. Scarlett, M.D., Ms. Olivia K. Bloom, and Dr. Stephen M. Kelsey, M.D., each such individual's spouses, marital communities, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or other individual or entity in which any of Dr. Scarlett, Ms. Bloom, and Dr. Kelsey has a controlling interest, and each and all of their respective past or present subsidiaries, divisions, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, trusts, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, accountants, advisors, insurers, co-insurers, and re-insurers; and each of Dr. Scarlett, Ms. Bloom, and Dr. Kelsey's present and former attorneys, legal representatives, insurers, and assigns in connection with the Action.

- "Settled Claims" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action and liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued, or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, or class or individual in nature (including both known and Unknown Claims) against Defendant Releasees, based on, arising out of, relating in any way to, or in connection with both (i) the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, or omissions which were or could have been alleged in the Action, and (ii) the purchase or acquisition of Geron common stock during the Class Period.

- "Unknown Claims" means any and all Settled Claims which Lead Plaintiff in the Action or any Class Member does not know to exist in his, her, or its favor at the time of the release of Defendant Releasees, and any Defendants' Claims which Defendants did not know to exist in their favor at the time of the release of the Released Plaintiff Parties, which if known might have affected the decision to enter into the Settlement or the decision not to object to the Settlement.  With respect to any and all Settled Claims and Defendants' Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment

15

shall have, expressly waived the provisions, rights and benefits of Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiff shall expressly, fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Defendants' Claims was separately bargained for and was a key element of this Settlement.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you. You will be bound by the releases whether or not you submit a Proof of Claim and/or receive a payment under the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**16.    What if I want to be excluded from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail to the Claims Administrator saying that you want to be excluded from *In re Geron Corp. Sec. Litig.*, No 3:14-CV-1224-CRB. Be sure to include your name, address, telephone number; the last four digits of your Social Security Number or Taxpayer Identification Number; a list stating the number of shares of Geron common stock purchased and sold between December 10, 2012 and March 11, 2014, and the dates and prices of each purchase and sale; as well as your signature. Mail your exclusion request postmarked no later than _____, 2017, to:

*Geron Corporation Securities Litigation*

16

c/o Claims Administrator
P.O. Box 4153
Portland, OR 97208-4153

If you request exclusion on behalf of any person or entity other than yourself (such as, for example, a trust, a minor, or a pension fund), you also must state the basis of your legal authority to make a request for exclusion on behalf of that person or entity.

You cannot exclude yourself on the phone or by e-mail.  If you do not follow the above procedures – including meeting the postmark deadline – you will not be excluded from the Class, and you will be bound by all of the orders and judgments entered by the Court regarding the Settlement.  You must exclude yourself even if you already have a pending case against Defendants based on the claims being released.

If you ask to be excluded, you will not get any payment from the Settlement, you cannot object to the Settlement, and you will not be legally bound by anything that happens in this lawsuit. You might be able to sue Defendants in the future.

| 17.   If I don't exclude myself, can I sue Defendants for the same thing later? |

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that the Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.

| 18.   If I exclude myself, can I get money from the Stipulation? |

No. Only Class Members who do not exclude themselves will be eligible to recover money in the Settlement.

## THE LAWYERS REPRESENTING YOU

| 19.   Do I have a lawyer in this case? |

The Court has appointed the law firm of Faruqi & Faruqi, LLP as Lead Counsel to represent Lead Plaintiff and all other Settlement Class Members in the Action.  If you have any questions about the proposed Settlement, you may contact Lead Counsel as follows: Richard W. Gonnello, Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017.

If you want to be represented by your own lawyer, you may hire one at your own expense.

| 20.   How will the lawyers be paid? |

You will be not charged directly for the fees or expenses of the Lead Counsel appointed by the Court.  Instead, those lawyers may apply to the Court for payment of fees and expenses out of the proceeds of any recoveries achieved in the Action.

When this case began, Lead Plaintiff negotiated a fee agreement with Lead Counsel which permits Lead Counsel to apply for fees of up to 33.33% of any recovery achieved by the Class plus out of pocket expenses.  For the Settlement, Lead Counsel intends to request a fee of 25% of the Settlement Amount, after deduction of Litigation Expenses, plus reimbursement of out-of-pocket expenses.  The fees would pay the lawyers for investigating the facts, actively litigating the case for the past three years, and negotiating the Settlement.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES

### 21.   How do I tell the Court that I don't like the Settlement?

If you are member of the Class and you do not exclude yourself, you can object to the Settlement or any part of it, including Lead Counsel's application for attorneys' fees, and give reasons why you think the Court should not approve it.  Please note, the Court may not change or modify the terms of the Settlement, it may only approve or deny the Settlement in its entirety. To object, you must send a letter or other filing saying that you object to the proposed Settlement and/or the attorneys' fee application in *In re Geron Corp. Sec. Litig.*, No 3:14-CV-1224-CRB. Be sure to include your name, address, telephone number, signature, and the reasons for your objection, as well as a list of your purchases and sales of Geron common stock made during the Class Period, including the dates, the number of securities purchased or sold, the price(s) paid or received per security for each such purchase or sale, and whether you continue to hold the securities at the time your objection is submitted.  Your written objection must be filed with the Clerk of the United States District Court for the Northern District of California, postmarked no later than _____, 2017.  The address is:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue
Box 36060
San Francisco, CA 94102

Any member of the Class who does not object in the manner provided above will be deemed to have waived all objections to the Settlement and to Lead Counsel's application for attorneys' fees.

### 22.   What's the difference between objecting and requesting exclusion?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you are a Class Member.

Excluding yourself is telling the Court that you do not want to be part of the Class for purposes of the Settlement.  If you exclude yourself, you have no basis to object, because the case no longer affects you.  If you do not exclude yourself, you will be bound by the Settlement and all orders and judgments entered by the Court regarding the Settlement, regardless of

whether the Court accepts or denies your objection.

| 23. | When and where will the Court decide whether to approve the Settlement? |
|-----|------------------------------------------------------------------------|

The Court has scheduled a hearing on the proposed Settlement for _____, 2017 at _____ a.m./p.m., before the Honorable Charles R. Breyer in Courtroom 6, 17th Floor, in the U.S. District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA, 94102.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will consider Lead Counsel's application for attorneys' fees.  If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement.

Please note that the date of the Court hearing is subject to change without further notice. If you plan to attend the hearing, you should check with Lead Counsel to be sure no change to the date and time of the hearing has been made.

| 24. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No.  Lead Counsel will answer any questions the Court might have.  But you are welcome to come at your own expense.  If you send an objection, you do not have to come to the Court to talk about it.  As long as you mailed your written objection so it was received by the deadline, it will be before the Court when the Court considers whether to approve the Settlement. You may also pay your own lawyer to attend the hearing, but attendance is not necessary.

| 25. | May I speak at the hearing? |
|-----|-----------------------------|

If you are a Class Member who has not asked to be excluded from the Class, you may ask the Court for permission to speak at the hearing.  To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *In re Geron Corp. Sec. Litig.*, No. 3:14-CV-1224-CRB"  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be filed with the Clerk of the Court and sent to the counsel listed above in the answer to Question #19, postmarked no later than _____, 2017.  You cannot speak at the hearing if you have asked to be excluded from the Class.

## IF YOU DO NOTHING

| 26. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing in response to this Settlement Notice, you will remain a member of the Class and will be bound by the Settlement.  You will not be able to start, continue, or be part of any other lawsuit or arbitration against Defendants based on the claims in the Action.  If you do not submit a Proof of Claim, you will not receive a payment from the Settlement.

## GETTING MORE INFORMATION

| 27. Are there more details about the Settlement? |
| --- |

This Settlement Notice contains only a summary of the proposed Settlement. The complete Settlement is set out in the Stipulation. You may request a copy of the Stipulation in writing to *Geron Corporation Securities Litigation*, c/o Claims Administrator, P.O Box 4153, Portland, OR 97208-4153. There may be a charge for copying and mailing the Stipulation. Copies of the Stipulation may be obtained for free at www.GeronCorporationSecuritiesLitigation.com. All capitalized terms not otherwise defined in this Settlement Notice are defined in the Stipulation.

| 28. How do I get more information? |
| --- |

You can also call the Claims Administrator toll free at 1-844-299-2263, write to the Claims Administrator at the above address, e-mail the Claims Administrator at questions@GeronCorporationSecuritiesLitigation.com or visit the website at www.GeronCorporationSecuritiesLitigation.com, where you will find a copy of the Stipulation, the Complaint, and certain other documents relating to the Action and the Settlement. Anyone interested in more detail regarding the Action is invited to visit the Office of the Clerk of the United States District Court for the Northern District of California at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA, 94102, during regular business hours, or by accessing the court docket in this Action through the Court's Public Access to Court Electronic Records system ("PACER") at https://ecf.cand.uscourts.gov to review the Stipulation, the pleadings, and the other papers maintained there in Case No. 3:14-cv-01224-CRB.

## SPECIAL NOTICE TO BANKS, BROKERS, AND NOMINEES

You are a nominee owner, such as brokerage firms, if you purchased or otherwise acquired Geron common stock during the Class Period as a record owner but not as beneficial owner. Such nominees who hold or held Geron common stock for beneficial owners who are members of the Class are directed (a) to provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners for whom they purchased or otherwise acquired Geron common stock during the Class Period within seven (7) calendar days of receipt of the Settlement Notice, or (b) to send the Settlement Notice and Proof of Claim to the beneficial owners. If the nominee owner elects to send the Settlement Notice and Proof of Claim to the beneficial owners, the nominee owner is directed (i) to request additional copies of the Settlement Notice and Proof of Claim within seven (7) calendar days of receipt of the Settlement Notice, and (ii) to mail the Settlement Notice and Proof of Claim within seven (7) calendar days of receipt of the copies of the Settlement Notice from the Claims Administrator, and upon such mailing the nominee owner shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Such nominee owners shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for the reasonable expenses of sending the Settlement Notice and Proof of Claim to the beneficial owners.

Dated:_____          BY ORDER OF THE COURT


                                       _____
                                       Hon. Charles R. Breyer
                                       UNITED STATES DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re GERON CORPORATION SECURITIES LITIGATION | Case No. 3:14-CV-01224-CRB |
| This Document Relates To:<br><br>ALL ACTIONS |  |

## PROOF OF CLAIM AND RELEASE FORM

**GENERAL INSTRUCTIONS**

To recover as a Class Member based on your claims in the action entitled *In re Geron Corporation Securities Litigation*, No. 3:14-CV-1224-CRB (the "Action"), you must complete and sign this Proof of Claim and Release Form.

If you fail to submit a timely and properly addressed Proof of Claim and Release Form, your claims may be rejected and you may not receive any recovery from the Settlement Fund created in connection with the proposed Settlement.  Submission of this Proof of Claim and Release Form, however, does not assure that you will share in proceeds of the Settlement of the Action.

YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2017, ADDRESSED AS FOLLOWS:

*Geron Corporation Securities Litigation*
c/o Claims Administrator
P.O. Box 4153
Portland, OR 97208-4153

If you are NOT a Class Member (as defined in the Notice of Pendency and Settlement of Class Action ("Settlement Notice")), DO NOT submit a Proof of Claim and Release Form.  Also, NOTE THAT CLAIMS CALCULATING TO AN AWARD LESS THAN $10.00 WILL **NOT** BE PAID.

If you are a Class Member and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**CLAIMANT IDENTIFICATION**

If you purchased or otherwise acquired Geron Corporation ("Geron") common stock, you are the beneficial purchaser as well as the record purchaser.  If however, you purchased or otherwise acquired Geron common stock that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE GERON COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim and Release Form on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying

the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**CLAIM FORM**

Use Part II of the form entitled "Schedule of Transactions in Geron Common Stock" to supply all required details of your transaction(s) in Geron common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **_all_** of your purchases or acquisitions of Geron common stock which took place at any time from December 10, 2012 to June 9, 2014, both dates inclusive, and all of your sales of Geron common stock which took place at any time from December 10, 2012 to June 9, 2014, both dates inclusive.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

Copies of broker confirmations or other documentation of your transactions in Geron common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested to, submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-844-299-2263 or visit their website at www.GeronCorporationSecuritiesLitigation.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims

Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*IN RE GERON CORPORATION SECURITIES LITIGATION*
No. 3:14-CV-01224-CRB

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than: _____, 2017

<u>Please Type or Print</u>

**PART I:      CLAIM IDENTIFICATION**

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Joint Beneficial Owner's Name (if applicable)

_____

Entity Name and Representative (if applicable)

_____

Account Number

_____

Street Address

_____

City                                              State or Province

_____

Zip Code or Postal Code                    Country

_____

Last Four Digits of Social Security Number or Taxpayer Identification Number

Telephone Number

E-mail Address

Custodian Name (if different from beneficial owner listed above)

☐ Individual                                    ☐ IRA

☐ Corporation/Other                      ☐ Trust

## PART II:      SCHEDULE OF TRANSACTIONS IN GERON COMMON STOCK

Number of shares of Geron common stock held at the close of trading on December 9, 2012:_____

Purchases or acquisitions of Geron common stock (December 10, 2012 – June 9, 2014, inclusive):

| Trade date Month/Day/Year | Number of shares purchased or acquired | Purchase price per share | Total purchase or acquisition price |
|---|---|---|---|
| 1. | 1. | 1. | 1. |
| 2. | 2. | 2. | 2. |
| 3. | 3. | 3. | 3. |
| 4. | 4. | 4. | 4. |
| 5. | 5. | 5. | 5. |

Sales of Geron common stock (December 10, 2012 – June 9, 2014, inclusive):

| Trade date Month/Day/Year | Number of shares sold | Sale price per share | Total sales price |
|---|---|---|---|
| 1. | 1. | 1. | 1. |
| 2. | 2. | 2. | 2. |
| 3. | 3. | 3. | 3. |
| 4. | 4. | 4. | 4. |
| 5. | 5. | 5. | 5. |

Number of shares of Geron common stock held at the close of trading on June 9, 2014: _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.  NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10.00 WILL **NOT** BE PAID.

**YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART III:      SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS**

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Settlement Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support

7

this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Geron common stock during the Class Period and know of no other person having done so on my (our) behalf.

**RELEASE**

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Settled Claims each and all of the "Defendant Releasees," defined as (1) Defendants, (2) Defendants' Counsel, (3) with regard to Geron all past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, accountants, investment bankers, commercial bankers, shareholders, underwriters, financial or investment advisors, trustees, partners, limited partners, controlling shareholders, joint venturers, co-developers, collaborators, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers, co-insurers, and reinsurers; (4) with regard to Dr. John A. Scarlett, M.D., Ms. Olivia K. Bloom, and Dr. Stephen M. Kelsey, M.D., each such individual's spouses, marital communities, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or other individual or entity in which any of Dr. Scarlett, Ms. Bloom, and Dr. Kelsey has a controlling interest, and each and all of their respective past or present subsidiaries, divisions, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, trusts, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, accountants, advisors, insurers, co-insurers, and re-insurers; and each of Dr. Scarlett, Ms. Bloom, and Dr. Kelsey's present and former attorneys, legal representatives, insurers, and assigns in connection with the Action.

"Settled Claims" means any and all claims, rights, demands, obligations, controversies,

debts, damages, losses, causes of action and liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued, or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, or class or individual in nature (including both known and Unknown Claims) against Defendant Releasees, based on, arising out of, relating in any way to, or in connection with both (i) the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, or omissions which were or could have been alleged in the Action, and (ii) the purchase or acquisition of Geron common stock during the Class Period.

"Unknown Claims" means any and all Settled Claims which Lead Plaintiff in the Action or any Class Member does not know to exist in his, her, or its favor at the time of the release of Defendant Releasees, and any Defendants' Claims which Defendants did not know to exist in their favor at the time of the release of the Released Plaintiff Parties, which if known might have affected the decision to enter into the Settlement or the decision not to object to the Settlement. With respect to any and all Settled Claims and Defendants' Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions,

rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiff shall expressly, fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Defendants' Claims was separately bargained for and was a key element of this Settlement.

This release shall be of no force or effect unless and until the Court approves the Settlement and the Stipulation becomes effective.

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any rights or claims released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Geron common stock which are the subject of this claim, and which occurred during the Class Period.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release Form by the undersigned is true and correct.

Executed this _____ day of _____
(Month/Year)

in _____.

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, e.g., beneficial purchaser, executor, or administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

REMINDER CHECKLIST:

1.      Please sign the above release.

2.      Remember to attach supporting documentation, if available.

3.      Keep a copy of your Proof of Claim and Release Form and all supporting documentation for your records.

4.      If you desire an acknowledgement of receipt of your Proof of Claim and Release Form, please send it Certified Mail, Return Receipt Requested.

# EXHIBIT A-3

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF GERON CORPORATION ("GERON") FROM DECEMBER 10, 2012 THROUGH AND INCLUDING MARCH 11, 2014 ("CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on _____, 2017 at _____ a.m./p.m., before the Honorable Charles R. Breyer, at the United States Courthouse, 450 Golden Gate Avenue, Courtroom 6—17th Floor, San Francisco, CA 94102, for the purpose of determining (1) whether the proposed settlement of the claims in the Action for the principal amount of $6,250,000 for the Class should be approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with prejudice should be entered by the Court dismissing the Action with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees in the amount of 25% of the Settlement Fund, less Litigation Expenses, and an award to the Class Representative not to exceed $10,000, and expenses not to exceed $200,000 should be approved.

IF YOU PURCHASED OR ACQUIRED GERON COMMON STOCK DURING THE PERIOD FROM DECEMBER 10, 2012 THROUGH AND INCLUDING MARCH 11, 2014, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION. You may obtain copies of a detailed Notice of Pendency and Settlement of Class Action ("Settlement Notice") and a copy of the Proof of Claim and Release form by writing to *Geron Corporation Securities Litigation*, c/o Claims Administrator, P.O. Box 4153, Portland, OR 97208-4153, visiting the website www.GeronCorporationSecuritiesLitigation.com, e-mailing the Claims Administrator at questions@GeronCorporationSecuritiesLitigation.com, or calling the Claims Administrator toll free at 1-844-299-2263.  Inquiries other than requests for the above-referenced documents may also be made to Plaintiff's Lead Counsel:

Richard W. Gonnello
FARUQI & FARUQI, LLP
685 Third Avenue
26th Floor
New York, NY 10017

If you are a Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Proof of Claim and Release form postmarked no later than _____, 2017, establishing that you are entitled to recovery.  NOTE THAT NO CLAIMS LESS THAN $10.00 WILL BE PROCESSED OR PAID.

If you purchased or otherwise acquired GERON common stock (NASDAQ: GERN) and you desire to be excluded from the Class, you must submit a request for exclusion postmarked no later than _____, 2017, in the manner and form explained in the detailed Settlement Notice referred to above.  All Class Members who do not timely and validly request exclusions from the Class will be bound by any judgment entered in the Action pursuant to the Stipulation and Agreement of Settlement.

Any objection to the Settlement must be mailed to the Clerk of the United States District Court for the Northern District of California at the address below and postmarked no later than _____, 2017:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue
Box 36060
San Francisco, CA 94102

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**.  If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

DATED: _____, 2017              BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA