# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GERON CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:14-CV-01224-CRB<br><br>[~~PROPOSED~~] **FINAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>Judge:  Charles R. Breyer |

  This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Order"), dated  April 10  , 2017, on the application of Lead Plaintiff Vinod Patel ("Lead Plaintiff"), on behalf of the Class, on the one hand, and Geron Corporation (the "Company" or "Geron"), John A. Scarlett, Stephen M. Kelsey, and Olivia K. Bloom (collectively, "Defendants" and, together with Lead Plaintiff, the "Settling Parties") for approval of the class settlement set forth in the Stipulation and Agreement of Settlement ("Stipulation"), dated as of March 2, 2017 between the Settling Parties.  Due and adequate notice has been given to the Class as required in the Preliminary Order, and the Court, having considered all papers filed and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

  1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

  2. This Court has jurisdiction to enter this Judgment.  This Court has jurisdiction over the subject matter of the Action and over the Settling Parties to the Action, including all Class Members.

3. The Court finds, for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each of the Class Members; (c) the claims of Lead Plaintiff are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of Settlement only, Lead Plaintiff is certified as the Class Representative on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiff and appointed by the Court, Faruqi & Faruqi, LLP, is hereby appointed as Class Counsel.

5. The Class is defined as Lead Plaintiff as well as all Persons who purchased or otherwise acquired Geron common stock during the Class Period and who allege to have been damaged thereby. Excluded from the Class are Defendants named herein; Persons who suffered no compensable losses (*e.g.*, those who purchased Geron common stock during the Class Period but sold prior to any partial corrective disclosure); members of the immediate family of the Individual Defendants; the officers and directors of Geron; any firm, trust, partnership, corporation, officer, director, or other individual or entity in which any Defendants have a controlling interest; and the legal representatives, heirs, successors-in-interest or assigns of such excluded Persons. Also excluded from the Class is any Person who properly excluded himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Settlement Notice, as listed in Exhibit 1 hereto. The Class Period is defined as the period from December 10, 2012 through and including March 11, 2014, both dates inclusive.

1      6.     This Order and Final Judgment is binding on all members of the Class, other than those persons listed in Exhibit 1 hereto who have filed timely and valid requests to be excluded from the Class.

7.     The notification provided for and given to the Class was in compliance with the Preliminary Order, and said notification constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7).

8.     The Settlement is hereby approved as fair, reasonable, and adequate, and shall be consummated in accordance with the terms and provisions of the Stipulation.

9.     The complaints filed in this Action are hereby dismissed in their entirety as to the Defendants, with prejudice, and without costs to any Settling Party, except to the extent provided in the Stipulation.

10.     The Court further finds, pursuant to Section (c)(1) of the PSLRA, 15 U.S.C. § 78u-4(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

11.     For purposes of clarity, nothing contained herein shall release any claims asserted in the actions captioned *DiLaura v. Scarlett et al.,* Lead Case No. 4:15-cv-02989-CRB, *Haddock v. Scarlett et al.*, Case No. 3:15-cv-03007-CRB, *Oriente v. Scarlett et al.*, Lead Case No. CIV528121, or *Cavel v. Scarlett et al.*, Case No. CIV535151.

12.     Upon the Effective Date, Lead Plaintiff, the Class, and each Class Member (other than those listed on Exhibit 1 hereto), on behalf of themselves and each of their predecessors, successors, assigns, parents, subsidiaries, affiliates, agents, representatives, heirs, trustees, joint tenants, tenants in common, beneficiaries, executors and administrators, attorneys, insurers, and anyone else who could make a claim through or on behalf of a Class Member, directly or indirectly, individually, derivatively, representatively, or in any other capacity, by operation of the Judgment, will release and forever discharge each and every Settled Claim, as against each and all of the

Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting or maintaining any of the Settled Claims against the Defendant Releasees.

13. Upon the Effective Date, the Defendants, on behalf of themselves and each of their predecessors, successors, assigns, parents, subsidiaries, affiliates, agents, representatives, heirs, trustees, joint tenants, tenants in common, beneficiaries, executors and administrators, attorneys, insurers, and anyone else who could make a claim through or on behalf of a Defendant, directly or indirectly, individually, derivatively, representatively, or in any other capacity, by operation of the Judgment, will release and forever discharge each and every Defendants' Claims, and shall forever be barred and enjoined from commencing, instituting or maintaining any of Defendants' Claims against any of the Released Plaintiff Parties.

14. In accordance with the Private Securities Litigation Reform Act as codified at 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled Claims (i) by any person or entity against any of the Released Parties, and (ii) by any of the Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied and unenforceable.  Accordingly, without limitation to any of the above, (i) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution, and (ii) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity, any such claim for contribution.  In accordance with 15 U.S.C. §78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity based upon or arising out of any Settled Claim for which such person or entity and any Released Parties are found to be jointly liable shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of any such Released Party for common damages or (ii) the amount paid to the Class by or on behalf of each such Released Party for common damages.

15. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed on Exhibit 1 hereto, is bound by this Order and Final Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

16. This Order and Final Judgment and the Settlement Stipulation, and all acts performed or papers related thereto are not, and shall not be construed to be, an admission by Defendants of any liability or wrongdoing whatsoever, or that recovery could be had in any amount should the action not be settled, and shall not be offered as evidence or received into evidence in this or any proceeding or used in any manner as an admission or implication of liability or fault on the part of Defendants or any other person. The Order and Final Judgment and the Settlement Stipulation, and all papers related thereto, also are not, and shall not be construed to be, any admission by Lead Plaintiff or any Class Member of any lack of merit of the Action in any respect.

17. In the event that the Settlement does not become consummated in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Any court order regarding the Plan of Allocation or the attorneys' fees, Litigation Expenses, or award to Lead Plaintiff shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

19. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of funds from the Net Settlement Fund, shall remain under the authority of this Court.

20. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Net Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Amount; (c) hearing and determining applications for attorneys' fees, costs,

1  interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of
2  construing, enforcing, and administering the Settlement.
3       21.    There being no just reason to delay entry of this Order and Final Judgment, the Clerk
4  of the Court is ordered, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this
5  Order and Final Judgment forthwith.
6  IT IS SO ORDERED.
7  Dated: San Francisco, California
8  _____July 21_____, 2017

_____
Honorable Charles R. Breyer
United States District Court Judge
Northern District of California