UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re GERON CORPORATION SECURITIES LITIGATION | Case No. 3:14-CV-01224-CRB<br><br>[PROPOSED] CLASS DISTRIBUTION ORDER |
| This Document Relates To:<br><br>ALL ACTIONS | CONSOLIDATED CLASS ACTION |

1  WHEREAS:

2  A.     Lead Plaintiff Vinod Patel ("Plaintiff") and Defendants Geron Corporation, Dr. John
3  A. Scarlett, M.D., Olivia K. Bloom, and Dr. Stephen M. Kelsey, M.D. (collectively "Defendants")
4  entered into a Stipulation and Agreement of Settlement dated March 2, 2017 (the "Stipulation"),
5  which provides for a settlement of this Action (the "Settlement");

6  B.     Unless otherwise defined in this Order, the capitalized terms herein shall have the
7  same meaning as they have in the Stipulation;

8  C.     The Court entered the Final Order and Judgment ("Final Approval Order") on July
9  21, 2017 approving the Settlement under the terms set forth in the Stipulation;

10 D.     The Court reserved jurisdiction, without affecting the finality of the Final Approval
11 Order, over Defendants and the Class Members for purposes of the administration, interpretation,
12 and enforcement of the Stipulation and of the Final Approval Order;

13 E.     The Settlement has reached its Effective Date, pursuant to the terms of the
14 Stipulation;

15 F.     Plaintiff, by motion dated January 26, 2018, moved this Court for an order approving
16 the determinations of the Court-appointed Claims Administrator, Epiq Class Action & Claims
17 Solutions, Inc. ("Epiq" or "Claims Administrator") and directing distribution of the Net Settlement
18 Fund, and approving the reimbursement of administrative expenses; and

19 WHEREAS, the Court has duly considered Plaintiff's motion and memorandum of law
20 submitted in support thereof, the Declaration of Alexander Villanova in Support of Lead Plaintiff's
21 Motion to Approve Distribution Plan ("Villanova Distribution Declaration") with annexed exhibits,
22 and all of the submissions and arguments presented therewith.

23 NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND
24 DECREED that:

25 1.     This Order incorporates by reference the definitions in the Stipulation, and all
26 capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless
27 otherwise defined.

28 2.     The motion is granted in its entirety and the Court approves the administrative

determinations of Epiq in accepting and rejecting the Proof of Claim and Release Forms ("Claims").

3. The Net Settlement Fund established by the Settlement of this Action shall be distributed to Authorized Claimants according to the determinations of the Claims Administrator and consistent with the Stipulation previously approved by this Court on July 21, 2017.

4. Otherwise eligible Claims that were submitted after the July 11, 2017 Claims submission deadline but received on or before October 20, 2017 are hereby deemed timely and shall be included in the distribution.

5. Any Claims that are received after October 20, 2017 or any responses to deficiency or rejection letters received after October 20, 2017 are hereby rejected as untimely and shall not be accepted.

6. The ten (10) Claims that include sufficient documentation of purchases during the Class Period, but that are missing documentation for sale transaction(s) or unsold holding(s) are hereby accepted as if fully documented.

7. Ineligible or otherwise deficient Claims are hereby rejected.

8. All distribution checks shall bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION."

9. If any balance remains in the Net Settlement Fund six (6) months after the first distribution of the Net Settlement Fund to Authorized Claimants (the "Initial Distribution"), such funds shall be used: (i) first, to pay any amounts omitted from the Initial Distribution to Authorized Claimants; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the Initial Distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net

Settlement Fund is *de minimis* and such remaining balance will then be distributed to Investor Protection Trust, a nation-wide non-profit organization dedicated to providing investor education and advocacy.

10. Epiq may destroy the paper copies of the Claims and all related documentation one (1) year after the Initial Distribution, and may destroy electronic copies of the Claims and all related documentation three (3) years after the Initial Distribution.

11. The Court hereby authorizes payment from the Settlement Fund of $283,768.53 to the Claims Administrator.

12. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED

Dated: San Francisco, California

_____March 12_____, 2018

_____
Honorable Charles R. Breyer
United States District Judge
Northern District of California